Tony RICE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–396–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 18, 1989.

---

Tony Rice, Huntsville, pro se.

David P. Weeks, Huntsville, for appellee.

Before JUNNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of murder. A jury found appellant guilty of the offense as charged, found the enhancement paragraph alleging two prior offenses true, and assessed his confinement at 99 years in the Texas Department of Corrections. We affirm.

The record shows that appellant was represented by several different appointed attorneys on appeal. However, pursuant to a request to proceed pro se, and following a *Faretta*[1] hearing by the trial court, appellant is proceeding pro se on this appeal. Although the appellant complains of several things concerning the prior appointed attorneys, those complaints are not pertinent to this appeal as they are not assigned as points of error. In a single point of error, appellant contends he was denied effective assistance of counsel on appeal because appointed counsel failed to file a complete record with this court. Appellant contends that he is denied an opportunity of a meaningful appeal because he is unable to raise the following enumerated points of error:

1. The State's improper jury arguments at both phases of the bifurcated trial, due to the inaccuracy of the record.

2. The trial court's [error] in overruling [an] objection to the State's improper jury argument and commenting on the credibility of the evidence in violation of Article 38.05. [Tex.Crim.Proc.Code Ann. art. 38.05 (Vernon 1979)].

3. The trial court's error in not declaring a mistrial once the appellant presented evidence of a conversation between an impaneled jury and a unauthorized person concerning the appellant's case; and the State's failure to present evidence that the appellant was not injured or prejudiced thereby ...

4. The trial court's [error] in overruling the appellant's objection to its charge on punishment, when the court submitted an instruction on the law of parole ...; and the improper jury argument ...

5. The trial court's errors in overruling the appellant's challenge for cause to a number of prospective jurors ...

Based on appellant's allegation of an incomplete record, this court ordered the trial court to conduct a hearing to determine the

---

1. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

completeness and accuracy of the record on appeal. In response to that hearing, the record was supplemented with the hearing on the pre-trial motions and the voir dire examination. The court then filed findings of fact, including finding of fact number 3; "That the record of the statement of facts on file herein is a true and accurate transcription of the facts reflected therein and the testimony adduced at trial." The record, as supplemented, is now complete and accurate. The allegation of ineffective assistance of counsel for failure to file a complete record on appeal is moot. We find that appellant has not been harmed by the delay in completing the record; therefore point of error one is overruled.

Appellant's original brief was timely filed in this court on July 11, 1988. No request for extension of time to file any supplemental brief or additional points of error was requested by this court. TEX.R. APP.P. 74(n). On April 11, 1989, exactly nine months after appellant's brief was filed, this court received but did not file a Motion To File Supplemental Brief from the appellant. Appellant did not request nor has this court granted leave to file the supplemental brief.

Appellant's supplemental brief contains nineteen (19) new points of error. Points of error one through six allege the trial court erred in allowing the prosecution to call John L. Bonner as a rebuttal witness. Points of error seven, eight and nine allege error in admitting the prejudicial testimony of Darrell Adams. Points of error ten, eleven, twelve and thirteen allege error in admitting the testimony of Robert Humphreys. Points of error fourteen through eighteen allege error in admitting evidence concerning the Texas Mafia. And finally, point of error nineteen alleges that the trial court erred in allowing the prosecutor to introduce into evidence state's exhibit number 19. All of the points of error in appellant's supplemental brief deal with events that occurred during the guilt/innocence phase of the trial. The statement of facts of that portion of the trial was timely filed in this court prior to the filing of appellant's original brief. The nineteen new points of error do not contain any of the points of error Appellant claimed he was unable to raise due to the incomplete record.

The only supplementation of the record that has occurred pursuant to appellant's complaints of an incomplete record are the inclusion of the statement of facts from the hearing on the pre-trial motion and the voir dire. Therefore, appellant has failed to bring forth any new points of error based on those portions of the trial record that were not made a part of the original record on appeal. Appellant's motion to file a supplemental brief is denied. *See Coleman v. State*, 632 S.W.2d 616, 619 (Tex. Crim.App.1982) and *Kalmbach v. State*, 481 S.W.2d 151 (Tex.Crim.App.1972).

The judgment of the trial court is affirmed.