Martin Ruiz RIVERA, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–01360–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 30, 1998.

Rehearing Overruled Oct. 29, 1998.

David L. Singer, Houston for appellant.

Keli Pool Roper, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

HUDSON, Justice.

Appellant, Martin Ruiz Rivera, entered a plea of guilty to the first degree felony offense of delivery of a controlled substance. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Corrections for a term of twelve years. In four points of error, Rivera complains: (1) the trial court failed to admonish him through an interpreter; (2) he was denied the effective assistance of counsel; (3) the trial court did not provide him with a meaningful hearing on his motion for new trial; and (4) there was no valid order assigning the visiting judge to hear the plea proceedings. We affirm.

### FAILURE TO ADMONISH THROUGH AN INTERPRETER

In his first point of error, Rivera makes the multifarious contention that the trial court erred in failing (1) to provide a Spanish translator at the plea hearing and (2) to admonish him as required under Art. 26.13 and 38.30 of the Texas Code of Criminal Procedure.

The appointment of an interpreter is required when the court becomes aware that the defendant does not understand English. *See Baltierra v. State,* 586 S.W.2d 553, 559 (Tex.Crim.App.1979). Although Rivera argues the court was aware of his inability to speak English, we are unable to make this determination because no record was made of the plea hearing. Thus, it is impossible for us to determine whether the trial court should have known that Rivera did not understand English. Further, there is some indication in the record that Rivera's trial counsel was sworn as an interpreter at the beginning of the proceedings. Where there is evidence an interpreter was present and available to help the defendant, then a trial court does not err by failing to appoint an interpreter. *See Vargas v. State,* 627 S.W.2d 785, 787 (Tex.App.—San Antonio 1982, no pet.). This is also true when the defendant's counsel is capable of interpreting for the defendant. *See Salas v. State,* 385 S.W.2d 859, 861 (Tex.Crim.App.1965). Therefore, we cannot say the trial court erred in failing to appoint an interpreter.

Rivera also argues the trial judge failed to admonish him prior to the plea in accordance with Article 26.13. Again, we have no record from the plea hearing. The record, however, does contain written admonishments. At the bottom of the document, Rivera acknowledged that (1) he had read the admonishments, (2) he understood the admonishments, and (3) his attorney had explained the admonishments to him.[1] Rivera, his trial counsel, the prosecuting attorney, and the trial judge signed the form.

Article 26.13(d) of the Code of Criminal Procedure provides that the court may make the admonishments either orally or in writing. TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon 1989). We find no evidence

---

**1.** At the hearing on the motion for new trial, Rivera's trial counsel testified he did in fact explain the admonishments to Rivera.

that Rivera was unaware of the consequences of his plea or that he was misled or harmed by the admonishments given. *See Hughes v. State*, 833 S.W.2d 137, 139–40 (Tex.Crim.App. 1992); *see also Smith v. State*, 853 S.W.2d 140, 141 (Tex.App.—Corpus Christi 1993, no pet.).

■ Appellant's first point of error is overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Rivera next complains he was denied the effective assistance of counsel. Rivera bases his claim on three different grounds: (1) failure to file a motion to suppress; (2) failure to request a court reporter at the plea proceedings; and (3) failure to inform Rivera regarding the appellate consequences of his guilty plea.

■ To establish ineffective assistance of counsel in the guilt/innocence phase of trial, we look to the oft quoted standard of review established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to show ineffective assistance of counsel under this standard, a defendant must show: (1) his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *See id.* at 687, 104 S.Ct. 2052; *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986) (adopting the two-prong *Strickland* standard in Texas). Whether the *Strickland* standard has been met is judged by the totality of the representation rather than by isolated acts or omissions of trial counsel, and the test is applied at the time of the trial, and not through hindsight. *See Bridge v. State*, 726 S.W.2d 558, 571 (Tex.Crim.App.1986). The burden of proving ineffective assistance of counsel rests upon the convicted defendant by a preponderance of the evidence. *See Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985).

### *Motion to Suppress*

■ Counsel is not ineffective per se for failing to file a motion to suppress. *See Ochoa v. State*, 717 S.W.2d 174, 175 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). An assertion of ineffective assistance of counsel will be sustained only if the record affirmatively supports such a claim. *See Ex parte Ewing*, 570 S.W.2d 941, 943 (Tex.Crim. App.1978). Rivera has failed to present a record on appeal concerning the circumstances surrounding his arrest and the seizure of the controlled substance. Without such a record, there is no basis upon which to determine whether a motion to suppress should have been filed. Thus, we cannot say Rivera was denied the effective assistance of counsel.

### *Failure to Request a Record at the Plea Hearing*

■ It is not enough for an appellant to claim his lawyer was ineffective because he failed to request a court reporter. Some injury resulting from the failure to request a transcription of the proceeding must be raised by the defendant on appeal. *See Lopez v. State*, 838 S.W.2d 758, 760 (Tex.App.— Corpus Christi 1992, no pet.).

■ While a transcription of trial court proceedings can be used to impeach a witness or resolve a disagreement among jurors as to what a witness said, its primary purpose is to create a record for the appellate courts. Where the prospect of a successful appeal is slight, the value of a court reporter is diminished. Here, appellant did not confront witnesses and he waived a jury. Moreover, he had entered a guilty plea without the benefit of a plea bargain agreement, thereby waiving all non-jurisdictional error, if any. *See Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). This was appellant's prerogative and we are not prepared to say a lawyer is ineffective for permitting his client to enter such a plea. However, the chances of a successful appeal from this posture are remote. Accordingly, we cannot say appellant's trial counsel was ineffective per se for failing to request a court reporter to record the plea hearing.[2]

---

2. *See Odom v. State*, 962 S.W.2d 117, 118 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (hold-

### Failure to Inform Rivera Regarding Consequences Associated With Pleading Guilty

 Rivera's final argument under his second point of error is that trial counsel did not inform him of the appellate consequences of his guilty plea. However, Rivera failed to adequately prove this claim. The only evidence supporting his contention is his own testimony, and the trial judge commented on Rivera's lack of credibility, stating: "[Rivera] has already entered into enough non-truth. I don't believe much of anything he says." Further, Rivera's trial counsel specifically testified at the hearing on the motion for new trial that he discussed the consequences of pleading guilty with the appellant. Further, the written admonishments also show Rivera was aware of the consequences of pleading guilty. Based on these facts, we find Rivera failed to meet his burden of presenting an adequate record to prove his trial counsel failed to inform him about the consequences of entering a guilty plea. *See Moore*, 694 S.W.2d at 531 (recognizing that appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence).

Rivera's second point of error is overruled.

### MOTION FOR NEW TRIAL HEARING

In his third point of error, Rivera requests that we abate the appeal to permit a more meaningful hearing on his motion for new trial. Rivera timely filed a motion for new trial in which he alleged that "his plea of guilty was involuntary and made as a result of ineffective assistance of counsel." He further stated that he "was not aware of the consequences of his plea as well as the alternatives to pleading guilty to a P.S.I."

The trial court conducted a hearing on the motion and Rivera testified that he did not understand (1) the written admonishments, (2) the oral admonishments, or (3) his right to enter a plea of guilty to a jury. In rebuttal, the State called Rivera's trial counsel who testified that (1) although some legal terms had to be explained to Rivera in Spanish, Rivera can both speak and read the English language; (2) when a translator was required to explain legal concepts to Rivera, counsel served as his translator both prior to and during the plea proceeding; and (3) he explained to Rivera his right to plead guilty to a jury, but advised him not to do so because the jury was less likely to probate his sentence.

During cross-examination, Rivera's appellate attorney focused on counsel's failure to file certain pre-trial motions, the nature of his conversations with appellant, and what advice he had given to Rivera both before and after the plea was entered. When he asked about the underlying facts of the case, the State objected to the question on the grounds of relevance. The objection was sustained, and Rivera's attorney asked to make an offer of proof. This request was denied.[3] Rivera contends the trial court improperly curtailed his cross-examination and requests that we abate this cause to permit a more thorough development of the record.

 Like the trial judge, we fail to see the relevance of the question. Whether trial counsel believed a police informant helped focus suspicion upon appellant has no bearing on whether appellant was aware of the consequences of his plea, understood the admonishments, or realized he had the right to enter a guilty plea to a jury. The Court of Criminal Appeals, however, has held the "right to make a bill of exception is absolute;

---

ing that due process of law does not require the transcription of a plea hearing).

3. Q. (By Mr. Singer) And you testified that there wasn't any informant in the case. Will you tell me how the police came to arrest Mr. Rivera the day that he was arrested?

 MS. WARD [State's attorney]: I am going to object. That's irrelevant to this hearing.

 THE COURT: Sustain.

 MR. SINGER: I think I am entitled to go into his knowledge of the case.

 THE COURT: Sustain.

 MR. SINGER: I ask for a bill.

 THE COURT: No bill. I sustained the objection.

 MR. SINGER: So the record is clear, you are not allowing me to ask any questions about Mr. White's knowledge of the case.

 THE COURT: Yes.

 MR. SINGER: Or the facts of the case.

 THE COURT: Yes. Not anything further.

 MR. SINGER: Okay.

a trial court does not have discretion to deny a request to perfect a bill of exception." *Kipp v. State*, 876 S.W.2d 330, 333 (Tex.Crim. App.1994); *see also Salazar v. State*, 795 S.W.2d 187, 193 (Tex.Crim.App.1990) (holding that the right to make an offer of proof or perfect a bill of exception is absolute).[4] Moreover, the court has also said:

> Questions of materiality and relevancy have no effect on what can be preserved for purposes of the appellate record. A relevancy analysis is solely applicable to what is to be admitted into evidence, and when the court excludes evidence, the appellant has an absolute right to place the same "irrelevant" evidence into the record for appellate review.

*Spence v. State*, 758 S.W.2d 597, 599 (Tex. Crim.App.1988). Accordingly, we find the trial court erred in failing to permit appellate counsel to make an offer of proof.

Normally, the remedy for such an error is to abate the appeal to permit counsel to develop the appellate record. *See Spence*, 758 S.W.2d at 599–600. Here, however, appellant has not raised a point of error regarding counsel's lack of preparedness or his want of knowledge of the underlying facts. Moreover, we are not inclined to authorize counsel to raise this issue by a new point of error in an amended or supplemental brief. *See Allen v. State*, 795 S.W.2d 15, 16 (Tex. App.—Houston [14 th Dist.] 1990, no pet.); *Emerson v. State*, 756 S.W.2d 364, 370 (Tex. App.—Houston [14 th Dist.] 1988, pet. ref'd) (holding a new ground of error raised in a supplemental brief is not properly before the court for review). Thus, the issue of whether counsel was ineffective for failing to adequately investigate the case is not before us, and abatement of the appeal for this purpose would be a useless gesture.

Accordingly, while we find the trial court erred in refusing to allow Rivera to make an offer of proof, we overrule appellant's request for an abatement. Further, because appellant has raised no issue on appeal re-

garding the preparedness of his trial counsel, the error in denying the offer of proof is harmless. Appellant's third point of error is overruled.

### ASSIGNMENT OF THE VISITING JUDGE

In his final point of error, Rivera complains the trial judge, Judge John N. Hughes, was not properly assigned to preside over the plea hearing, pursuant to TEX. GOV'T CODE ANN. Sec. 74.056 (Vernon 1988). The order assigning Judge John N. Hughes to the 339 th District Court of Harris County was for a four week period beginning November 6, 1995. However, Judge Hughes presided over Rivera's plea hearing on September 14, 1995. Rivera contends, since there is no valid order in the record appointing Judge Hughes to hear appellant's plea to the indictment, the trial court lacked jurisdiction to hear the case.

The record reflects Rivera did not object to the authority of Judge Hughes to preside over the plea proceedings. By failing to object, Rivera has waived his right to complain about the validity of Judge Hughes' assignment. *See Wilson v. State*, 944 S.W.2d 444, 444 (Tex.App.—Houston [14 th Dist.] 1997, pet. granted). Therefore, we must presume Judge Hughes was duly appointed to preside over the plea proceedings and was in the regular discharge of his duties under Texas Government Code § 74.056. *See Woods v. State*, 569 S.W.2d 901, 903 (Tex. Crim.App.1978); *see also Chapman v. State*, 859 S.W.2d 509, 511 (Tex.App.—Houston [1 st Dist.] 1993), *rev'd on other grounds*, 921 S.W.2d 694 (Tex.Crim.App.1996). Accordingly, Rivera's final point of error is overruled, and the judgment of the trial court is affirmed.

---

4. We question whether the right to make an informal offer of proof is truly *absolute*. If evidence is excluded on the ground of privilege, it would seem to be a very hollow "privilege" that could be breached by an offer of proof pursuant to TEX.R.CRIM. EVID. 103. Likewise, if a party attempted by an offer of proof in question and answer form to establish each individual entry in the Houston telephone directory, we suspect considerations of relevance and judicial economy might outweigh a party's right to make an offer of proof.