Affirmed and Opinion filed _____________, 2002















Affirmed and Opinion filed November 14, 2002.

 

 

                        

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-01-00949-CR

____________

 

JOSE
MEDRANO GARCIA , Appellant

 

V.

 

THE
STATE OF TEXAS,
Appellee

 

 

 



On Appeal from the
23rd District Court

Brazoria County, Texas

Trial Court Cause
No.  40,064

 

 





M E M O R
A N D U M   O P I N I O N

A jury convicted appellant of sexual assault and
sentenced him to eight years’ confinement following a plea bargain on punishment.  The trial court denied his motion for new
trial, but granted him the right to appeal, finding he had not knowingly and
intelligently waived that right.  Because
all dispositive issues are clearly settled in law, we
issue this memorandum opinion.  See
Tex. R. App. P. 47.1. 
The facts of these appeals are known to the parties, so we do not
recite them here. 

            At the hearing on his
motion for new trial, appellant established he had very little knowledge of
English.  His trial counsel testified
that an interpreter translated appellant’s testimony into English, but did not
interpret the rest of the trial into Spanish for him.  Counsel explained that he did not request an
interpreter because his paralegal could translate what appellant needed to
know, and the only issue at trial (consent) presented a simple credibility
dispute between appellant and the complainant. 


When a trial court
learns a defendant does not speak and understand English, an interpreter must
be furnished to translate the trial proceedings; otherwise, the defendant’s
constitutional right of confrontation is denied.  Tex.  Code Crim.  Proc.  art.  38.30; Baltierra
v.  State, 586 S.W.2d 553, 558 (Tex.  Crim. 
App.  1979).  But if there is evidence an interpreter was present
and available to help the defendant, a trial court does not err in failing to
appoint one.  Rivera v. State, 981 S.W.2d 336, 338 (Tex. App.—Houston [14th
Dist.] 1998, no pet.).  In this case, the
evidence shows that a paralegal fluent in English and Spanish sat next to
appellant throughout the trial.  Apparently,
she translated communications between appellant and his trial counsel, but did
not translate the testimony of witnesses because she did not want to be
disruptive.[1]  Because appellant had a translator available
but did not make use of her, the trial court did not err in failing to appoint a
second interpreter.

            As to appellant’s
ineffective assistance claim, even assuming counsel was ineffective in failing
to ensure that all trial testimony was translated for him, appellant has not
shown a reasonable probability that, but for this failure, the result of the
proceeding would have been different. Strickland
v. Washington, 466 U.S.
668, 694, 104 S.Ct. 2052, 2064-65 (1984).  Appellant testified the complainant consented
to sexual relations; she testified she did not. 
Appellant does not indicate how further translation would have made his
testimony more credible or hers any less. 
Without such a showing, his ineffectiveness complaint must be denied.  See Martins
v. State, 52 S.W.3d 459, 469 (Tex.
App.—Corpus Christi 2001, no pet.) (finding no ineffective assistance when
appellant presented no specific evidence how lack of interpreter caused his
attorney to commit error or that outcome of trial would have been different); Kan v. State, 4 S.W.3d 38, 43 (Tex. App.—San
 Antonio 1999, pet. ref’d) (finding
no ineffective assistance when appellant failed to present proof of his
inability to confront a particular witness or inability to effectively
communicate with counsel).  

The judgment is affirmed.

                                                                                                                                                                                                                                                

                                                                        /s/        Scott Brister

                                                                                    Chief
Justice

 

Judgment
rendered and Opinion filed November
 14, 2002.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Do
Not Publish — Tex. R. App. P. 47.3(b).

 

 











[1] At the
motion for new trial hearing, the paralegal acknowledged the trial judge had
not done anything to lead her to believe translation during the trial would
have angered him.