Affirmed and Majority and Concurring and Dissenting Opinions filed
November 29, 2007








Affirmed
and Majority and Concurring and Dissenting Opinions filed November 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01227-CR

____________

 

CESAR ANDRADE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District 

Harris County, Texas

Trial Court Cause No. 754997

 



 

C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N 

I respectfully disagree with the majority=s analysis of the
third issue in which appellant complains the trial court erred by denying him
the opportunity to make offers of proof. 

                                                   Offers
of Proof








Texas Rule of Evidence 103(b) provides in relevant part
that an Aoffering party
shall, as soon as practicable, but before the court=s charge is read
to the jury, be allowed to make, in the absence of the jury, its offer of
proof.@ Tex. R. Evid. 103(b).  The right to
make an offer of proof is absolute and the trial court does not have discretion
to deny a request to make an offer of proof.  See Spence v. State, 758
S.W.2d 597, 599 (Tex. Crim. App. 1988).  If the trial court=s violation of
Rule 103(b) harms an appellant, the proper remedy is not to reverse the trial
court=s judgment but to
abate the appeal and remand he case to the trial court so that appellant may
make the offer of proof.  See id. at 599B600. 

                                                     Officer
Avila

During the guilt-innocence phase, appellant=s counsel stated
that he needed to make an offer of proof regarding Officer Avila=s testimony. 
Rather than allowing appellant to make an offer of proof Aas soon as
practicable, but before the court=s charge is read
to the jury,@ the trial judge stated that he would not allow
appellant to make an offer of proof.  The trial judge then said that he would
allow appellant to make an offer of proof Aat the end of the
trial@ C a point in time
that is necessarily after the charge is read to the jury.  The substance of the
evidence that appellant wanted to put on the record through the offer was not
apparent from the context.  See Tex.
R. Evid. 103(a).  Therefore, the trial court erred in denying appellant=s request to make
an offer of proof as to Officer Avila.








It would seem that this error is harmful.  See Spence,
758 S.W.2d at 599.  At no time during the guilt-innocence or punishment phase
did appellant make an offer of proof as to Officer Avila=s testimony.  The
majority concludes that the trial court erred, but that this error is harmless
because appellant has not assigned error on appeal relating to the trial court=s exclusion of any
testimony by Officer Avila.  See ante at pp. 8B9.  The only case
cited by the majority in reaching this conclusion is Rivera v. State,
981 S.W.2d 336, 340B41 (Tex. App.CHouston [14th
Dist.] 1998, no pet.), in which this court reasoned that an abatement to allow
an offer of proof to be made would have been futile, and thus concluded the
trial court=s erroneous denial of the opportunity to make an offer
of proof was harmless.  981 S.W.2d 336, 340B41 (Tex. App.CHouston [14th
Dist.] 1998, no pet.).  The stated reason for this conclusion was that the
appellant had not assigned any error relating to the evidence to be adduced in
the offer of proof and this court chose not to exercise its discretion to allow
appellant to file a supplemental brief assigning new error.  See Rivera,
981 S.W.2d at 341; see also Tex.
R. App. P. 38.7 (allowing appellate briefs to be amended or supplemented
whenever justice requires, on whatever reasonable terms the  appellate court
may prescribe); Allen v. State, 795 S.W.2d 15, 16B17 (Tex. App.CHouston [14th
Dist.] 1990, no pet.) (stating courts of appeals may allow supplemental or
amended briefs raising new issues in the interest of justice).  Under Rivera,
failure to assign error relating to the testimony to be adduced from Officer
Avila renders the trial court=s error harmless only if this court
decides not to exercise its discretion to allow appellant to file supplemental
briefing asserting error regarding the offer of proof following the making of
that offer in the trial court.  See Rivera, 981 S.W.2d at 341.  Though
the majority cites Rivera, the majority does not address whether this
court will exercise its discretion in this way. See ante at pp. 8B9. 








Under the Rivera analysis, this court should
exercise its discretion to allow appellant to file a supplemental brief
following an abatement for the creation of an offer of proof as to Officer
Avila.  Cf.  Rice v. State, 773 S.W.2d 27, 28 (Tex. App.CHouston [14th
Dist.] 1989, pet. ref=d) (declining to allow supplemental
briefing raising new issues following supplementation of the appellate record
because the new issues did not relate to the new parts of the appellate
record).  If appellant had assigned error in this case as to the testimony of
Officer Avila that he wished to elicit in the offer of proof, he would have
encountered  problems.  For example, appellant might not know what Officer
Avila=s future testimony
on abatement would be.  Furthermore, if appellant had assigned error in this
regard, appellant would have been required to provide argument and analysis,
including record citations, as to testimony that has yet be to given and is not
in the appellate record.  See Tex.
R. App. P. 38.1(h).  Had he undertaken to do so, he almost certainly
would have violated the appellate briefing rules.  See id.  It is unfair
to hold appellant to a standard that would require him to guess at what might
have been said and to require him to give record citation for facts not in the
appellate record.  Given these circumstances, this court should exercise its
discretion to allow appellant to file a supplemental brief as to the offer of
proof as to Officer Avila.  If the court were to decide to do so, then the
trial court=s erroneous denial of an offer as to Officer Avila
would not be harmless, and this court would have to abate and remand this case
to the trial court to allow an offer to be made as to Officer Avila.  This
court errs in failing to do so.

                                                   Robert
Baldwin

Presuming, without deciding, that appellant preserved error
as to the trial court=s failure to allow him to make an offer of
proof as to Robert Baldwin before the charge was read to the jury in the
guilt-innocence phase, the majority correctly concludes that the error is
harmless because our record contains appellant=s offer of proof
as to what he wanted to introduce in the guilt-innocence phase.  Although this
offer of proof was made late (during the punishment phase), the delay would not
prevent appellant from preserving error as to the exclusion of this testimony
if the trial court erroneously prevented appellant from timely making an offer.
In addition, because this testimony was in the record when appellant filed his
appellate brief, he could have and should have assigned and briefed any error
relating to Baldwin=s testimony that he wanted this court to
consider.  Thus, this court can appropriately deny appellant the opportunity to
add an issue on this point in a supplemental brief.  Therefore, the court
correctly determines that, as to the Baldwin offer, the trial court=s error is
harmless.

                                                  Maria
Resendez








The majority does not address the offer of proof as to the
testimony of the complainant=s mother, Maria Resendez.  Appellant
sought to make an offer of proof as to testimony that he wanted to elicit from
her during the punishment phase.  At first, the trial court, when requested,
would not let appellant make an offer, indicating that appellant would be
permitted to make the offer at the end of trial.[1] 
After appellant objected to being forced to wait until the end of trial, the
trial court allowed appellant to make an offer before the charge was read to
the jury.  Under the third issue, appellant argues that the trial court erred
by refusing to allow him to make offers of proof and by forcing him to wait to
make them until after the charge had been read to the jury.  However, the trial
court did not refuse to let appellant make an offer as to Resendez, and the
trial court did not force him to do so after the charge was read to the jury. 
Therefore, appellant=s arguments lack merit as to the Resendez
offer.  Although the trial court did stop this offer before appellant had asked
all of his questions, appellant has not briefed any argument on appeal
regarding such a complaint.  See
Tex. R. App. P. 38.1(h); Russeau v. State, 171 S.W.3d 871, 881
(Tex. Crim. App. 2005).  Therefore, the third issue lacks merit as to the
Resendez offer of proof.

                                                      Conclusion








Appellant=s third issue lacks
merit as to the offers of proof regarding Robert Baldwin, Officer Riddle, and
Maria Resendez.  However, the trial court=s error in denying
appellant the opportunity to make an offer of proof as to Officer Avila is
harmful.  Therefore, this court should sustain the third issue as to Officer
Avila, abate this appeal for proceedings in the trial court to allow appellant
to make an offer of proof as to Officer Avila, and allow appellant to file a
supplemental brief as to this testimony.  To the extent the court does not do
so, I respectfully dissent.  Otherwise, I concur in the court=s judgment.

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Majority and Concurring and Dissenting Opinions filed November 29,
2007.

Panel
consists of Justices Anderson, Fowler, and Frost.  (Anderson, J., majority)

Publish
C Tex. R. App. P. 47.2(b).

 









[1]  The majority states that Resendez=s testimony does not fall within the purview of
appellant=s third issue complaining of the trial court=s refusal to allow appellant the opportunity to make
offers of proof.  See ante p. 9, n.7.  The majority reaches this
conclusion because the trial court eventually allowed appellant to make an
offer of proof as to Resendez.  This fact, however, does not change the reality
that, at first, the trial court did not allow appellant to make an offer of
proof as to Resendez and that appellant complains on appeal that the trial
court refused to allow him to make an offer of proof as to Resendez.