AFFIRM; Opinion issued January 31, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00842-CR
No. 05-11-00843-CR

## JAMES KELLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F09-59178-S and F09-72634-S

# OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion By Justice Lang-Miers

Appellant James Kelley was charged with one count of possession of less than one gram of cocaine in a drug free zone and one count of fraudulent possession of between five and nine items of identifying information. Appellant waived a jury trial and entered an open plea of guilty in both cases. The trial court assessed punishment in each case at five years in prison and ordered the sentences to run consecutively. Appellant raises three issues on appeal. In his first issue appellant argues that he received ineffective assistance of counsel because a court reporter did not record the open plea proceeding. In his second and third issues appellant argues that the judgment in both cases should be reformed to reflect the fact that appellant entered an open plea of guilty and was not

sentenced in accordance with the terms of a plea bargain agreement. We modify the judgments and affirm as modified.

## FIRST ISSUE

In his first issue appellant argues that he received ineffective assistance of counsel because he was deprived of a reporter's record of the open plea proceeding.

We examine ineffective assistance of counsel claims by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain reversal based on ineffective assistance of counsel, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). An ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate that the claim has merit. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *Andrews*, 159 S.W.3d at 101.

Appellant argues that his counsel was ineffective for failing to request that a court reporter transcribe the plea hearing because appellant was entitled to a court reporter under Texas Rule of Appellate Procedure 13.1. Appellant also notes that he made a pretrial written request for a court reporter and his written pleas do not indicate that he waived his right to a court reporter. Appellant argues that he was harmed by his counsel's failure to request a court reporter at the plea hearing because a transcript of the proceedings would have shown that appellant's guilty pleas were not made voluntarily. To support this claim appellant cites to his statement contained in the presentence report prepared approximately two months before appellant's plea hearing:

> Judge Chatham, I would like the opportunity to attempt this probation in order to resubstantiate my life. Previous to this last arrest I had started a company and it had just acquired the last few pieces of equipment needed to begin. Also, I have relocated my daughter's mother and daughter here from Kansas City, in order to be closer to me. These two things congruent are what I have needed to be happy with life and a new beginning here in Dallas. Basically, I am NOT a menace to society and I will be a prominent basketball coach for children ages elementary school to middle school. I believe that I will successfully complete the probation offered and you will not have any further problems out of James L. Kelley.

Appellant argues that this statement demonstrates that appellant did not understand the consequences of his guilty pleas because it shows that he believed he would be given probation.

With respect to the first prong of *Strickland*, it is not per se ineffective assistance of counsel to fail to request a court reporter to record a plea hearing. *See Rivera v. State*, 981 S.W.2d 336, 339 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Because a silent record provides no explanation for counsel's actions, the record on direct appeal is usually not sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional. *Cannon v. State*, 252 S.W.3d 342, 349 (Tex. Crim. App. 2008); *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Furthermore, counsel should ordinarily be given an opportunity to explain his actions before being condemned as unprofessional or incompetent. *Rylander*, 101 S.W.3d at 111; *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Consequently, the Texas Court of Criminal Appeals has repeatedly explained that an application for writ of habeas corpus is usually the more appropriate vehicle to raise claims of ineffective assistance of counsel. *See, e.g., Rylander*, 101 S.W.3d at 110.

In this case, appellant did not file a motion for new trial or introduce any evidence relating to his counsel's reasoning or rationale for not requesting a court reporter at the plea hearing. As a result, we cannot conclude that the record firmly demonstrates that counsel's performance fell below an objective standard of reasonableness. *See generally Goodspeed*, 187 S.W.3d at 392 (noting

appellate courts ordinarily will not declare trial counsel ineffective without a record showing counsel had an opportunity to explain himself). We resolve appellant's first issue against him.

## SECOND AND THIRD ISSUES

In his second and third issues appellant argues that the judgments erroneously state that appellant was sentenced in accordance with the terms of a plea bargain, and that the judgments should be modified to reflect that appellant entered an open plea of guilty. The State agrees with appellant.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). The record demonstrates that appellant entered an open plea of guilty. We modify the judgments to delete the notation "5 YEARS TDCJ" under the heading "Terms of Plea Bargain."

## CONCLUSION

We resolve appellant's first issue against him. We resolve appellant's second and third issues in his favor. We modify the trial court's judgments and affirm the trial court's judgments as modified.

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110842F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES KELLEY, Appellant

No. 05-11-00842-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F09-59178-S).

Opinion delivered by Justice Lang-Miers, Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is modified to delete the notation "5 YEARS TDCJ" under the heading "Terms of Plea Bargain."

As modified the trial court's judgment is **AFFIRMED**.

Judgment entered January 31, 2013.

_____
ELIZABETH LANG-MIERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES KELLEY, Appellant

No. 05-11-00843-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F09-72634-S).
Opinion delivered by Justice Lang-Miers,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is modified to delete the notation "5 YEARS TDCJ" under the heading "Terms of Plea Bargain."

As modified the trial court's judgment is **AFFIRMED**.

Judgment entered January 31, 2013.

_____
ELIZABETH LANG-MIERS
JUSTICE