**Affirmed and Memorandum Opinion filed April 14, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00469-CR

**ARREINIUS JARLYN WATSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1198355**

## M E M O R A N D U M    O P I N I O N

Appellant Arreinius Jarlyn Watson appeals his conviction for aggravated robbery of an elderly or disabled individual. *See* Tex. Penal Code Ann. § 29.03(a)(3) (West 2011). Appellant contends (1) he received ineffective assistance of counsel; and (2) the punishment assessed violated the Eighth Amendment prohibition against cruel and unusual punishment. We affirm.

## BACKGROUND

Appellant pleaded guilty to aggravated robbery of an elderly individual without an agreed recommendation as to punishment. The trial court deferred adjudication of guilt and, on July 23, 2009, placed appellant on deferred adjudication community supervision for a period of five years. On November 3, 2010, the State filed a motion to adjudicate guilt asserting that appellant violated certain conditions of his community supervision. On February 14, 2011, the State filed a motion to dismiss on the grounds that appellant was to serve 100 days in the Harris County Jail and remain on community supervision after release.

On June 29, 2012, the State filed a second motion to adjudicate guilt. That motion was amended three times; the third amended motion was filed January 13, 2014. On April 16, 2014, appellant entered a plea of true to the State's third amended motion. Appellant signed a stipulation of evidence in which he stipulated that he had been served with a copy of the State's motion, consented to the introduction of evidence, and waived his right against self-incrimination. Appellant judicially confessed to the offense, expressed that he understood the range of punishment was five to 99 years or life, and up to a $10,000 fine, entered a plea of true to the State's motion, and waived any further time to prepare for trial.[1] The trial court subsequently assessed appellant's sentence at confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice.

### INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM

In his first issue appellant contends he received ineffective assistance of counsel because counsel failed to request a court reporter to record appellant's plea

---

[1] Appellant also agreed to waive any right to appeal. Appellant's waiver of the right to appeal is not effective because there was no agreed recommendation as to punishment. *See Washington v. State*, 363 S.W.3d 589, 589–90 (Tex. Crim. App. 2012).

and failed to object to the twenty-year sentence as cruel and unusual.

To prevail on an ineffective-assistance claim, appellant must show that: (1) his trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the error, the result of the proceeding would have been different. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Garza v. State*, 213 S.W.3d 338, 347–48 (Tex. Crim. App. 2007). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Garza*, 213 S.W.3d at 348.

If the reasons for counsel's conduct at trial do not appear in the record and it is at least possible that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective-assistance claim on direct appeal. *Id.* To warrant reversal where trial counsel has not been afforded an opportunity to explain those reasons, the challenged conduct must be so outrageous that no competent attorney would have engaged in it. *Roberts v. State*, 220 S.W.3d 521, 533–34 (Tex. Crim. App. 2007), *cert. denied*, — U.S. —, 128 S.Ct. 282, 169 L.Ed.2d 206 (2007). A vague, inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally deficient. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

In this case, appellant argues that he received ineffective assistance because his counsel did not request a court reporter to record his plea of true to the State's motion to adjudicate guilt. Without showing harm, the failure to request recordation of a plea hearing is not per se ineffective assistance of counsel. *Rivera v. State*, 981 S.W.2d 336, 339 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see also Oliva v. State*, 942 S.W.2d 727, 733 (Tex. App.—Houston [14th Dist.] 1997),

*pet. dism'd as improvidently granted*, 991 S.W.2d 803 (Tex. Crim. App. 1998) (declining to adopt a rule that failure to request a record amounts to ineffective assistance as a matter of law). Appellant did not make this complaint in his motion for new trial, nor has he filed a habeas corpus petition.

The record is silent as to the reasoning and strategy behind counsel's action or inaction; accordingly, appellant has not rebutted the strong presumption that counsel exercised reasonable professional judgment. *See Thompson,* 9 S.W.3d at 814. Appellant did not develop a record with regard to why counsel did not request a court reporter to transcribe the plea hearing, or whether counsel objected to appellant's sentence as cruel and unusual. Whatever trial counsel's reasons for pursuing the chosen course, in the absence of a record identifying these reasons, we must presume they were made deliberately as part of sound trial strategy. Because we are unable to conclude that trial counsel's performance fell below an objective standard without evidence in the record, we conclude that appellant has failed to meet the first prong of the *Strickland* test as to this complaint. *See id.* Moreover, as discussed below, appellant has failed to show an objection to his punishment as cruel and unusual would have been successful. We overrule appellant's first issue.

### CRUEL-AND-UNUSUAL-PUNISHMENT CLAIM

In his second issue appellant contends he received cruel and unusual punishment where the record reflects that he received a twenty-year sentence for violating his probation.

Appellant recognizes that the failure to raise an objection to his punishment at trial fails to preserve error. *See* Tex R. App. P. 33.1; *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that when

appellant failed to object to his sentence at the punishment hearing or to complain about it in his motion for new trial, he failed to preserve his Eighth Amendment complaint that the punishment assessed was "grossly disproportionate and oppressive").

In this case, no record was made of the plea hearing or sentencing hearing; therefore, we do not have a record to determine whether appellant objected to his sentence. A contemporaneous objection, however, is not the only method available to appellant to preserve error on a cruel-and-unusual-punishment complaint. *See Battle v. State*, 348 S.W.3d 29, 31 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that appellant failed to preserve error that sentence was cruel or unusual by failing to raise the issue at trial or in a motion for new trial). The record reflects that appellant failed to raise his claim of cruel and unusual punishment in a post-judgment motion. Because appellant did not present a specific objection to his sentence or otherwise obtain an adverse ruling on the complaint he now voices on appeal, appellant presents nothing for this court's review. Tex. R. App. P. 33.1.

In arguing that his sentence constituted cruel and unusual punishment, appellant argues that "nothing in the rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the trial court." In *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997), the Court of Criminal Appeals of Texas determined that the general preservation requirement does not apply to all claims. The high court separated the rights of the defendant into three categories:

- The first category of rights are those that are "widely considered so fundamental to the proper functioning of our adjudicatory process . . . that they cannot be forfeited . . . by inaction alone." These are considered "absolute rights."

5

- The second category of rights is comprised of rights that are "not forfeitable"—they cannot be surrendered by mere inaction, but are "waivable" if the waiver is affirmatively, plainly, freely, and intelligently made. The trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver.

- Finally, the third category of rights are "forfeitable" and must be requested by the litigant. Many rights of the criminal defendant, including some constitutional rights, are in this category and can be forfeited by inaction.

*Marin*, 851 S.W.2d at 279–80.

Rule 33.1's preservation requirements do not apply to rights falling within the first two categories. *Id.* In *Garza v. State*, the Court of Criminal Appeals determined that a juvenile does not waive a complaint that mandatory punishment of life in prison without the possibility of parole violated the Eighth Amendment by failing to voice that complaint in the trial court. *See* 435 S.W.3d 258, 261 (Tex. Crim. App. 2014). The Court of Criminal Appeals noted that Eighth Amendment issues generally are forfeited if not raised in the trial court. *See id.* at 259. But, the high court created an exception to the preservation-of-error requirement for "substantive status-based or individualized-sentencing claims under the Eighth Amendment . . . embraced by *Miller*."[2] *See id.* at 262. Appellant does not assert a substantive status-based or individual-sentencing claim embraced by *Miller*. Rather, appellant urges that he was disproportionately sentenced for violating the conditions of community supervision. Accordingly, we reject appellant's contention that this complaint constituted a complaint of fundamental error. *See Cerna v. State*, 441 S.W.3d 860, 867–68 (Tex. App.—Houston [14th Dist.] 2014,

---

[2] *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 2464 (2012) (holding that imposing a mandatory sentence of life without the possibility of parole on individuals who commit capital murder before the age of eighteen violates the Eighth Amendment).

6

pet. ref'd) (rejecting complaint based on failure to preserve error in the trial court when appellant sought extension of *Miller*).

Waiver notwithstanding, appellant has not shown that his sentence was cruel and unusual or grossly disproportionate to the offense for which he was convicted. Although a sentence may be within the range permitted by statute, it may nonetheless run afoul of the Eighth Amendment prohibition against cruel and usual punishment. *Solem v. Helm*, 463 U.S. 277, 290 (1983). A sentence is grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harris v. State*, 204 S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). In its proportionality analysis, a reviewing court must first review whether the sentence is grossly disproportionate to the offense. *Hicks*, 15 S.W.3d at 632. If the reviewing court determines the sentence to be grossly disproportionate to the crime committed, then it compares (1) sentences for similar crimes in the jurisdiction and (2) sentences for the same crime in other jurisdictions. *Id*. The constitutional principal of the Eighth Amendment is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of the legislatures, not the courts. *Rummel v. Estelle*, 445 U.S. 263, 274–76 (1980).

Appellant argues he was disproportionately sentenced for violating the conditions of community supervision, and the trial court unfairly sentenced him to twenty years' confinement because the "new law violation" that occurred while appellant was on community supervision was evading arrest with a motor vehicle. However, the trial court did not sentence appellant to twenty years' confinement for failing to comply with the conditions of community supervision; the trial court

sentenced appellant for aggravated robbery of an elderly individual, a first-degree felony. *See* Tex. Penal Code Ann. §§ 12.32 & 29.03. The punishment range for a first-degree felony is confinement for five to 99 years or life, and a fine not to exceed $10,000. When appellant entered his plea of true he acknowledged the possible range of punishment.

We first determine whether "an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme." *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., plurality op.)). Only if we are able to infer that the sentence is grossly disproportionate will we then compare the challenged sentence against the sentences of other offenders in the same jurisdiction and the sentences imposed for the same crime in other jurisdictions. *Baldridge*, 77 S.W.3d at 893; *see also Solem*, 463 U.S. at 292.

Appellant has failed to show that his twenty-year sentence is grossly disproportionate to the first-degree felony offense of aggravated robbery of an elderly individual. The legislature has imposed a five-to-99-year range of punishment for the offense, and a twenty-year sentence, near the low end of the sentencing range, is not grossly disproportionate to the offense in this case. *See Diamond v. State*, 419 S.W.3d 435, 440–41 (Tex. App.—Beaumont 2012, no pet.) (ninety-nine-year sentence for aggravated robbery not disproportionate); *Jacoby v. State*, 227 S.W.3d 128, 132 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (concurrent 40-year sentences for two counts of aggravated robbery with a deadly weapon were not grossly disproportionate). Because appellant has not shown that his twenty-year sentence is grossly disproportionate to the offense, we need not consider the remaining *Solem* factors. *See Harris v. State*, 204 S.W.3d 19, 29 (Tex.

8

App.—Houston [14th Dist.] 2006, pet. ref'd).We overrule appellant's second issue.

We affirm the trial court's judgment.

/s/     William J. Boyce
Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).