**Affirmed and Opinion filed May 1, 2012.**



In The

# Fourteenth Court of Appeals

———————————

**NOS. 14-11-00665-CR**
**14-11-00666-CR**

———————————

**CHARLES F. SATTERFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1268997 & 1268998**

## OPINION

Appellant Charles F. Satterfield was convicted of two separate felony offenses of possession of child pornography. *See* Tex. Penal Code § 43.26. Appellant waived his right to a jury trial and entered pleas of guilty to the charged offenses. The trial court conducted a punishment hearing, sentenced appellant to four years' imprisonment for each offense, and ordered that the sentences run concurrently. On appeal, appellant contends

that his waiver of a court reporter at his guilty plea proceeding was not an intentional, knowing, and voluntary waiver of his right to a court reporter at his punishment hearing and that, therefore, he is entitled to a new punishment hearing. We affirm.

## BACKGROUND

When appellant entered his guilty pleas on May 5, 2011, he executed documents entitled "Admonishments" in regard to each charged offense. In those documents, under the heading "Statements and Waivers of Defendant," appellant specifically initialed subsection (4), which reads: "I WAIVE the right to have a court reporter record my plea." Appellant also initialed subsection (12), which reads in relevant part: "Under Art. 1.14 V.A.C.C.P. I give up all rights given to me by law, whether of form, substance or procedure."

The trial judge subsequently held a punishment hearing on July 12, 2011. At that hearing, the court reporter was allegedly present and in her usual location; however, no record was made of the hearing.[1] The trial judge sentenced appellant to four years' imprisonment for each offense, and ordered that the sentences run concurrently.

Appellant filed a pro se motion for new trial, which was denied. Appellant timely appealed to this court. Appellant filed a motion requesting that this court abate the appeal and order the trial court to determine the accuracy of its docket sheet entry of "Court Reporter: WAIVED" for the punishment hearing. This court granted that motion and abated to the trial court to determine if there was any inaccuracy in the record, and if so, correct it. The trial court declined to change the docket sheet entry.

---

[1] The trial court's docket sheet entry for the July 12, 2011 hearing reads in part: "Court Reporter: WAIVED." However, as appellant argues, a docket entry is not evidence that an event occurred, is not part of the record, and cannot be relied on by the parties on appeal. *See Rush v. Barrios*, 56 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2001, pet denied); *Bell v. State*, 734 S.W.2d 83, 84 (Tex. App—Austin 1987, no pet.).

## DISCUSSION

On appeal, appellant argues in a single point of error that he did not intentionally, knowingly, and voluntarily waive his right to have a court reporter record the punishment hearing, and that he is therefore entitled to a new punishment hearing with a court reporter. Appellant argues that (1) the right to have a reporter at the punishment hearing was not a forfeitable right, but rather mandatory, unless expressly waived by appellant, and (2) that he received ineffective assistance of counsel because his trial counsel erroneously advised him that waiver of the right to a reporter at the guilty plea proceeding did not include waiver of the right to a reporter at the punishment hearing. Appellant has not alleged that any error occurred during the punishment hearing. Rather, appellant appears to argue that the lack of a record from the punishment hearing prevents him from searching for appealable error.

Texas law permits a criminal defendant charged with a non-capital crime to waive any rights secured him by law. *See* Tex. Code Crim. Proc. Art. 1.14(a); *Walton v. State*, 670 S.W.2d 310, 312 (Tex. App.—Houston [1st Dist.] 1983, no pet.). Here, appellant executed waivers which waived his right to a court reporter to record his plea and waived "all rights given to [appellant] by law, whether of form, substance or procedure." Appellant failed to request a record for any part of the proceedings.[2] We nevertheless address appellant's arguments that his waiver was not made intentionally, knowingly, or voluntarily.

## A. The Right to a Court Reporter was Forfeitable

---

[2] Appellant argues that, at the punishment hearing, both he and trial counsel "assumed that the court reporter, who was seated at her usual place, was recording the proceeding."

Appellant argues that, because the waiver of a defendant's right to appeal must be intentional, knowing, and voluntary[3] and that there can be no meaningful appeal without a record, appellant's waiver of his right to have a court reporter record the punishment hearing must, likewise, be intentional, knowing and voluntary. The State contends that, under Texas Government Code section 52.046(a) and Texas case law, the right to a court reporter is a forfeitable right, and appellant forfeited it. We agree that the right to a court reporter is a forfeitable right.

Absent a specific request by a party, the court has no duty to provide an official court reporter for the proceedings. *See* Tex. Gov't Code § 52.046(a). In contrast, Texas Rule of Appellate Procedure 13.1 states that "[t]he official court reporter or court recorder must: (a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings." Appellant implies that Texas Rules of Appellate Procedure 13.1 would trump Texas Government Code section 52.046(a), with the result that the creation of a full record of the proceedings is mandatory unless affirmatively waived.

The Texas Court of Criminal Appeals has held otherwise. *See Davis v. State*, 345 S.W.3d 71, 77 (Tex. Crim. App. 2011) (noting that the defendant did not request a court reporter under 52.046(a) and, regardless, "even if Rule 13.1 *does* impose a preliminary burden on the *trial court* to ensure the presence of a court reporter at all proceedings, our case law also imposes an additional, independent burden on the appealing party to make a record demonstrating that error occurred in the trial court. This includes a burden to object when the official court reporter is *not* present, as he is required to be under Rule 13.1, in order to preserve any error that may occur for appeal.") (emphasis in original); *Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003) (holding that even under Rule 13.1 it was incumbent upon the defendant to object if bench conferences were not recorded in order to preserve error for appeal). Therefore, because appellant did not

---

[3] *Ex Parte Delaney*, 207 S.W.3d 794, 796–97 (Tex. Crim. App. 2006).

request a court reporter or object to the reporter's failure to record the proceedings, any right to a record of the punishment hearing was forfeited.[4]

## B. Ineffective Assistance of Counsel

Appellant also argues that his trial counsel erroneously advised him that the waiver of the right to have a court reporter record the guilty plea proceeding did not include waiving that right at the punishment hearing. Appellant contends that as a result of this erroneous advice, he received ineffective assistance of counsel.

To prevail on an ineffective assistance of counsel claim, an appellant must first demonstrate that the trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the appellant must show his counsel's deficient performance was so serious that it prejudiced his defense; in other words, appellant must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687, 694.

Appellant has not alleged that any error occurred during the punishment hearing. Rather, appellant appears to argue that the lack of a record from the punishment hearing prevents him from searching the record for appealable error.

Without an allegation of specific harm suffered by appellant, the failure of trial counsel to request a recording of the proceedings is not *per se* ineffective assistance of counsel. *See Rivera v. State*, 981 S.W.2d 336, 339 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Smith v. State*, 751 S.W.2d 902, 908 (Tex. App.—Houston [14th Dist.] 1988, no pet.) (finding no harm where no error was alleged to have resulted from failure to record voir dire and closing arguments). Moreover, where the prospect of a successful

---

[4] *See McDonald v. State*, No. 14-01-01056-CR, 2002 WL 31835045, at *1 (Tex. App.—Houston [14th Dist.] Dec. 19, 2002, pet. ref'd) (not designated for publication) (where appellant waived the right to have a court reporter "record [his] plea of guilty or nolo contendere or true," failure of the reporter to record the punishment hearing was not error because appellant (1) did not request a court reporter pursuant to Tex. Gov't Code § 52.046(a), and (2) waived his rights as to the entire proceeding because the proceeding was unitary, not bifurcated, as a result of his guilty plea).

5

appeal is slight, the value of a court reporter is diminished. *Rivera*, 981 S.W.2d at 339 (where appellant did not confront witnesses, waived a jury, and entered a guilty plea without the benefit of a plea bargain agreement, this court noted that the chances of a successful appeal were remote, and appellant's trial counsel was not ineffective for failing to request a court reporter to record the plea hearing). Though appellant has alleged not that his counsel failed to request the recording, but rather that his counsel misinformed him regarding the extent of his waiver, we see no meaningful distinction under these circumstances. Appellant pleaded guilty, waived his rights, which included his right to a court reporter, and has not alleged that any error occurred during the punishment hearing. Appellant has failed to demonstrate that, but for his counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 687, 694.

Accordingly, we overrule appellant's sole issue on appeal, and we affirm the judgment of the trial court.

/s/     Martha Hill Jamison
          Justice

Panel consists of Justices Boyce, Christopher, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).