**Affirmed and Memorandum Opinion filed April 11, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00986-CR

_____

**ASHTON PIERRE COYT-SOWELLS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1265089**

_____

## M E M O R A N D U M   O P I N I O N

In two issues, appellant contends he is entitled to a new punishment hearing. We affirm.

### I. BACKGROUND

Appellant was indicted for aggravated robbery. He pled guilty without a plea bargain and signed several admonishments, including a waiver of his right to have the court reporter record the guilty-plea proceeding. The trial court accepted

appellant's plea and ordered a presentence investigation ("PSI"). After the PSI investigator completed a report, the trial court held a punishment hearing; no reporter's record was made of the punishment hearing. The trial court sentenced appellant to twenty-five years' confinement.

## II. WAIVER OF COURT REPORTER

We begin with appellant's second issue, in which he contends he is entitled to a new punishment hearing because he did not intentionally, knowingly, and voluntarily waive his right to have a court reporter record the punishment hearing. Specifically, appellant argues the trial court completely failed to advise him that his waiver of the right to have a court reporter record his plea included a waiver of the right to have a reporter record the punishment hearing. However, as appellant acknowledges, in *Satterfield v. State*, our court recently resolved this issue unfavorably to his position. 367 S.W.3d 868, 869, 871 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).[1] Accordingly, we overrule appellant's second issue.

## III. *SUA SPONTE* INFORMAL INQUIRY REGARDING COMPETENCY

In his first issue, appellant contends the trial court erred by failing to conduct *sua sponte* an informal inquiry[2] into his competency before punishment was assessed because the PSI report included the following information:

> The defendant was evaluated through Harris County MHMRA on August 30, 2010, [while in Harris County Jail,] and was diagnosed with Axis 1 – Major Depressive Disorder, recurring with psychotic features. The defendant was prescribed the anti-depressant Celexa and anti-histamine Benadryl.

---

[1] Appellant asserts this issue, despite our holding in *Satterfield*, to "preserve this issue pending the Court of Criminal Appeals' consideration of the issue on PDR." We note that, on August 22, 2012, the Court of Criminal Appeals refused petition for discretionary review in *Satterfield*.

[2] *See* Tex. Code Crim. Proc. Ann. art. 46B.004(b), (c), & (c-1) (West Supp. 2012).

The prosecution and conviction of an accused while he is incompetent violates due process. *Morris v. State*, 301 S.W.3d 281, 299 (Tex. Crim. App. 2009). We review a trial court's failure to conduct a competency inquiry for abuse of discretion. *Montoya v. State*, 291 S.W.3d 420, 426 (Tex. Crim. App. 2009).

Assuming without deciding that the information in the PSI report regarding appellant's depression was sufficient to require the trial court to conduct an informal inquiry into appellant's competency, we are unable to determine whether the trial court discharged this burden because we have no record of the PSI hearing. An informal inquiry may be satisfied when the trial court poses simple, short questions to the defendant and/or defense counsel regarding his competency—exhaustive inquisitions are not required. *See Luna v. State*, 268 S.W.3d 594, 599–600 (Tex. Crim. App. 2008); *Gray v. State*, 257 S.W.3d 825, 829 (Tex. App.—Texarkana 2008, pet. ref'd). We simply do not know whether the trial court posed such questions to appellant and his counsel during the PSI hearing. *See Newman v. State*, 331 S.W.3d 447, 450 (Tex. Crim. App. 2011) (recognizing defendant has burden to present record demonstrating error, even for constitutional issues). Accordingly, we overrule appellant's first issue and affirm the trial court's judgment.

/s/     Margaret Garner Mirabal
         Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[3]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] Senior Justice Margaret Garner Mirabal sitting by assignment.