ACCEPTED
05-15-00453-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
8/14/2015 2:21:35 PM
LISA MATZ
CLERK

FILED IN
5th Court of Appeals
FILED: 08/17/2015
10:18:57
Lisa Matz, Clerk

## NO. 05-15-00453-CR

# IN THE COURT OF APPEALS
# FOR THE FIFTH DISTRICT OF TEXAS
# AT DALLAS

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
8/14/2015 2:21:35 PM
LISA MATZ
Clerk

---

## TILWEN JOSEPH GREEN,
### APPELLANT

v.

## THE STATE OF TEXAS,
### APPELLEE

---

*On appeal from the Criminal District Court No. 5 of Dallas County*
*In Cause Number F09-30331-L*

---

## STATE'S BRIEF

---

*Counsel of Record:*

Susan Hawk
*Criminal District Attorney*
Dallas County, Texas

Johanna H. Kubalak
*Assistant District Attorney*
State Bar No. 24014297
Frank Crowley Courts Bldg.
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3639
(214) 653-3643 *fax*
Anna.Kubalak@dallascounty.org

*ATTORNEYS FOR THE STATE OF TEXAS*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ....................................................................ii

STATEMENT OF THE CASE ................................................................ 1

STATEMENT OF FACTS ..................................................................... 1

SUMMARY OF ARGUMENT ................................................................ 3

ARGUMENT ....................................................................................... 4

RESPONSE TO APPELLANT'S SOLE ISSUE:

The record does not support appellant's claim that trial counsel was ineffective for failing to request that a court reporter transcribe the adjudication hearing. ...................................................................... 4

A. To establish ineffective assistance of counsel, appellant must show both deficient performance and prejudice. ........................... 4

B. Appellant has failed to defeat the presumption that counsel provided reasonable professional assistance. ................................. 6

C. Appellant has failed to establish that counsel's performance, assuming it was deficient, prejudiced his defense. ........................ 8

PRAYER ........................................................................................... 10

CERTIFICATE OF COMPLIANCE ........................................................ 10

CERTIFICATE OF SERVICE .............................................................. 11

# INDEX OF AUTHORITIES

*Cases*

*Bone v. State*,
77 S.W.3d 828 (Tex. Crim. App. 2002) ..................................................... 5

*Goodspeed v. State*,
187 S.W.3d 390 (Tex. Crim. App. 2005) .................................................. 6

*Kelley v. State*,
Nos. 05-11-00842-CR, 05-11-00843-CR, 2013 Tex. App. LEXIS 985 (Tex. App.—Dallas Jan. 31, 2013, pet. ref'd) (not designated for publication) ...... 7

*Lopez v. State*,
343 S.W.3d 137 (Tex. Crim. App. 2011) ...................................... 4, 5, 6, 7

*Mata v. State*,
226 S.W.3d 425 (Tex. Crim. App. 2007) ............................................. 5, 7

*Rivera v. State*,
981 S.W.2d 336 (Tex. App.—Houston [14th Dist.] 1998, no pet.) .............. 8

*Rylander v. State*,
101 S.W.3d 107 (Tex. Crim. App. 2003) .................................................. 7

*Satterfield v. State*,
367 S.W.3d 868 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) ........ 8, 9

*Strickland v. Washington*,
466 U.S. 668 (1984) ................................................................. 4, 5, 7, 10

*Tapia v. State*,
462 S.W.3d 29 (Tex. Crim. App. 2015) ................................................... 9

*Thompson v. State*,
9 S.W.3d 808 (Tex. Crim. App. 1999) ................................................ 5, 6, 7

*Young v. State*,
425 S.W.3d 469 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) ............. 8

***Statutes***

Tex. Penal Code Ann. § 12.33 (West 2011) ................................................. 9

Tex. Penal Code Ann. § 22.02 (West 2011) .................................................. 1

***Rule***

Tex. R. App. P. 13.1 ............................................................................ 6

**TO THE HONORABLE COURT OF APPEALS:**

The State of Texas submits this brief in response to the brief of appellant, Tilwen Joseph Green.

## STATEMENT OF THE CASE

Appellant waived his right to a jury trial and entered a non-negotiated plea of guilty to the second-degree-felony offense of aggravated assault with a deadly weapon. (C.R.: 9, 23; R.R.: 5). *See* Tex. Penal Code Ann. § 22.02(a)(2), (b) (West 2011). The trial court accepted appellant's plea but deferred further proceedings without entering an adjudication of guilt and placed appellant on six years' community supervision. (C.R.: 30; R.R.: 6, 18).

The State later moved to proceed with an adjudication of guilt, alleging that appellant had violated certain conditions of his community supervision. (C.R.: 44-45). Appellant entered non-negotiated pleas of true to the alleged violations. (C.R.: 56-57). The trial court found the violations to be true, found appellant guilty of the charged offense, and assessed his punishment at six years' imprisonment. (C.R.: 51).

## STATEMENT OF FACTS

The indictment alleged that appellant caused bodily injury to the complainant, Alfred Royal, by cutting and stabbing him with a knife. (C.R.: 9). Appellant pleaded guilty to the indictment at a hearing on May 17, 2010.

1

(R.R.: 5). The State offered into evidence appellant's signed judicial confession, which tracked the language of the indictment, and it was admitted without objection. (C.R.: 26; R.R.: 5-6). The trial court accepted appellant's plea and then passed the case for sentencing at a later date. (R.R.: 6).

The proceedings resumed on September 21, 2010. (R.R.: 7). The State called Royal, who testified to the physical and financial hardships he had suffered as a result of the assault and to his desire that appellant receive prison time. (R.R.: 7-11). Testifying on his own behalf, appellant spoke about his own recent medical problems and expressed regret for what he had done to Royal. (R.R.: 13-14). He asked the trial court to grant him deferred-adjudication probation. (R.R.: 15). After hearing closing arguments, the trial court ruled that it was not going to find appellant guilty at that time but would place him on six years' deferred-adjudication probation. (R.R.: 18).

The State filed its motion to proceed with an adjudication of guilt on May 6, 2014, alleging that appellant had violated four conditions of his community supervision. (C.R.: 44-45). On March 13, 2015, appellant signed an open plea agreement, in which he pleaded true and judicially confessed to all four violations. (C.R.: 56-57). The docket sheet reflects that a hearing on the motion to adjudicate was held on that same date. (C.R.: 8). Also on that same

2

date, the trial court entered its judgment adjudicating appellant's guilt and sentencing him to six years' imprisonment. (C.R.: 51).

The reporter's record filed in this case does not include a transcription of the March 13, 2015 adjudication hearing. It does, however, include the following note: "The Motion to Proceed held March 13, 2015, the reporter's appearance was waived by Counsel for Defendant . . . . Therefore, no reporter's record is available for filing with the Court in that matter." (R.R.: 19).

## SUMMARY OF ARGUMENT

The record does not support appellant's claim that his trial counsel was ineffective for failing to ensure that a record was made of the adjudication hearing. The record before this Court is silent as to the reasoning behind counsel's decision not to have a court reporter transcribe the hearing. Accordingly, this Court must presume that counsel's performance fell within the wide range of reasonable professional assistance. Additionally, appellant does not point to any specific error that a transcript of the adjudication hearing would have revealed. Thus, he has failed to show that the lack of a record has prejudiced his defense.

3

# ARGUMENT

## RESPONSE TO APPELLANT'S SOLE ISSUE

**The record does not support appellant's claim that trial counsel was ineffective for failing to request that a court reporter transcribe the adjudication hearing.**

In his sole issue, appellant contends that his trial counsel rendered ineffective assistance by failing to have a court reporter transcribe the hearing on the State's motion to proceed with an adjudication of guilt. He argues that the lack of a record makes it impossible to determine whether any error occurred at the adjudication hearing.

### A. To establish ineffective assistance of counsel, appellant must show both deficient performance and prejudice.

To prevail on his ineffective-assistance claim, appellant must first show that counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, appellant must prove by a preponderance of the evidence that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Next, appellant must show that counsel's deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 687. To prove prejudice, appellant must show that there is a reasonable probability — meaning a probability sufficient to undermine confidence in the

outcome — that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Judicial scrutiny of counsel's performance is highly deferential, and an appellate court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689; *Lopez*, 343 S.W.3d at 142. To defeat this presumption, a defendant alleging ineffective assistance of counsel must prove, by a preponderance of the evidence, that there was, in fact, no plausible professional reason for the challenged act or omission. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002).

The Court of Criminal Appeals has repeatedly stated that ineffective-assistance claims are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus. *Lopez*, 343 S.W.3d at 143. The record on direct appeal is usually undeveloped and inadequately reflective of the reasons for defense counsel's actions or inactions at trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). For an ineffective-assistance claim to prevail on direct appeal, the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could

have justified counsel's acts or omissions, regardless of his or her subjective reasoning. *Lopez*, 343 S.W.3d at 143.

### B. Appellant has failed to defeat the presumption that counsel provided reasonable professional assistance.

A court reporter is generally required to attend and record all court proceedings unless excused by agreement of the parties. *See* Tex. R. App. P. 13.1(a). The reporter's record in this case contains a note indicating that trial counsel waived the appearance of the court reporter at the adjudication hearing. (R.R.: 19). Appellant, however, argues that nothing in the plea papers or the docket sheet reflects that he knowingly and voluntarily agreed to waive his right to a court reporter. He also contends that "[w]ithout a record, it cannot be determined whether counsel objected to the lack of a reporter at the sentencing hearing." (Appellant's Brief, p. 7).

This uncertainty regarding exactly what counsel did or did not do at trial and the reasoning behind counsel's apparent decision not to have a record made of the adjudication hearing illustrates why direct appeal is usually an inadequate vehicle for raising an ineffective-assistance claim. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). An allegation of ineffectiveness must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* (quoting *Thompson*, 9 S.W.3d at 814). It is not appropriate for an appellate court to

simply infer ineffective assistance based upon unclear portions of the record. *Mata*, 226 S.W.3d at 432. Moreover, trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

Here, the record is silent as to counsel's reasons for either waiving the court reporter's attendance or otherwise failing to ensure that a transcription was made of the adjudication hearing. Appellant did not file a motion for new trial or attempt in some other way to develop a record explaining counsel's reasons for not insisting upon a court reporter's presence. Under these circumstances, appellant has failed to rebut the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Lopez*, 343 S.W.3d at 143-44; *Thompson*, 9 S.W.3d at 814; *see also, e.g.*, *Kelley v. State*, Nos. 05-11-00842-CR, 05-11-00843-CR, 2013 Tex. App. LEXIS 985, at *5 (Tex. App.—Dallas Jan. 31, 2013, pet. ref'd) (not designated for publication) (holding that the defendant failed to satisfy the deficient-performance prong of *Strickland* where the record was silent as to counsel's reasoning or rationale for not requesting a court reporter at the open-plea hearing). Because he has failed to meet his burden of showing deficient performance, appellant's ineffective-assistance claim should be overruled. *See Strickland*, 466 U.S. at 700; *Lopez*, 343 S.W.3d at 144.

**C. Appellant has failed to establish that counsel's performance, assuming it was deficient, prejudiced his defense.**

The failure to request that a court reporter transcribe a plea hearing does not per se constitute ineffective assistance of counsel. *See Young v. State*, 425 S.W.3d 469, 473 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). When counsel did not request a transcription, an appellate court will not speculate as to what actually occurred at the hearing. *Id.* The defendant must point to some specific injury resulting from the failure to request a recording of the proceeding. *Rivera v. State*, 981 S.W.2d 336, 339 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Appellant does not allege that any specific error occurred at the adjudication hearing. Instead, he argues that the lack of a record prevents him from searching for potential error. This is not a sufficient showing of prejudice. *See Young*, 425 S.W.3d at 473; *Satterfield v. State*, 367 S.W.3d 868, 871 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Appellant does not elaborate on what type of error might have occurred; he merely points out that "[t]his was an open plea of true which required the trial court to determine whether to adjudicate guilt." (Appellant's Brief, p. 6). But the likelihood of a successful appeal of the trial court's decision to adjudicate guilt in this case is small, at best. *See Rivera*, 981 S.W.2d at 339 ("Where the prospect of a successful appeal is slight, the value of a court reporter is diminished."). Appellant does not

dispute that he pleaded true to the allegations in the State's motion to adjudicate. A plea of true, standing alone, is sufficient to support a trial court's decision to revoke community supervision and adjudicate guilt. *Tapia v. State*, 462 S.W.3d 29, 29 n.2 (Tex. Crim. App. 2015). When, as in this case, a defendant enters a plea of true at an adjudication hearing, the proceeding becomes a unitary one to determine the remaining issue of punishment. *Id.* Appellant does not contend that his punishment in this case was somehow unfair. Indeed, the six-year sentence was at the low end of the two-to-twenty-year punishment range for a second-degree felony and corresponded to the original term of community supervision. *See* Tex. Penal Code Ann. § 12.33(a) (West 2011).

Without an allegation of a specific error to which a transcription of the adjudication hearing would be relevant, appellant cannot show that, but for counsel's failure to request a record, a reasonable probability exists that the result of the proceeding would have been different. *See, e.g.*, *Satterfield*, 367 S.W.3d at 871-72 (holding that the defendant failed to show he was prejudiced by counsel's failure to request a recording of the punishment hearing that followed his entry of a guilty plea before the court where the defendant did not allege that any error occurred during the punishment hearing, and the chances of a successful appeal were remote). Appellant has therefore failed to establish

the prejudice component of his ineffective-assistance claim, and his sole issue should be overruled. *See Strickland*, 466 U.S. at 687.

## PRAYER

The State prays that this Honorable Court affirm the trial court's judgment.

Respectfully submitted,

/s/ Johanna H. Kubalak

Susan Hawk
Criminal District Attorney
Dallas County, Texas

Johanna H. Kubalak
Assistant District Attorney
State Bar No. 24014297
Frank Crowley Courts Bldg.
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3639
(214) 653-3643 *fax*
Anna.Kubalak@dallascounty.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief, inclusive of all contents, is 2,557 words in length according to Microsoft Word 2010, which was used to prepare the brief, and complies with the word-count limit in the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 9.4(i).

/s/ Johanna H. Kubalak
Johanna H. Kubalak

10

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing State's brief was served on Dianne Jones McVay, attorney for appellant, via electronic delivery to dianne@jonesmcvay.com on August 14, 2015.

/s/ Johanna H. Kubalak
Johanna H. Kubalak