

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00065-CR

———————————————————

JOSE R. MORALES, Appellant

V.

THE STATE OF TEXAS

On Appeal from 371st District Court
Tarrant County, Texas
Trial Court No. 0999946D

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Opinion by Chief Justice Sudderth

**OPINION**

Appellant Jose R. Morales pleaded guilty—without the benefit of a plea bargain as to punishment—to aggravated sexual assault of a child under 14 years of age. Following an off-the-record punishment hearing, the trial court sentenced Morales to 45 years in prison. In his sole issue on appeal, Morales argues that Rule 13.1 of the Texas Rules of Appellate Procedure violates the Fourteenth Amendment's due process clause by allowing a defendant to waive his right to have a court reporter attend and make a record of a punishment hearing in a felony case. We affirm.

## I. BACKGROUND

As part of his guilty plea, Morales signed a written waiver of certain rights, including the right to "the attendance and record of a court reporter under Rule 13.1, Texas Rules of Appellate Procedure." Thereafter, the trial court held a punishment hearing and sentenced Morales to 45 years in prison. Morales filed a pro se notice of appeal, but because the record reflected that it was untimely filed, we dismissed his appeal for want of jurisdiction.[1]

After the Texas Court of Criminal Appeals granted Morales habeas-corpus relief and allowed him to file an out-of-time appeal,[2] he requested a reporter's record

---

[1]*See generally Morales v. State*, No. 2-07-336-CR, 2007 WL 4126528 (Tex. App.—Fort Worth Nov. 21, 2007, no pet.) (mem. op., not designated for publication).

[2]*See Ex parte Morales*, No. WR-94,515-01, 2024 WL 107193, at *1 (Tex. Crim. App. Jan. 10, 2024) (per curiam) (not designated for publication).

from the punishment hearing. After we received a notice from the official court reporter stating that there was no reporter's record from the punishment hearing, we abated the appeal and remanded the case to the trial court to determine whether a reporter's record existed. The trial court held a hearing and confirmed that no reporter's record had been created.

## II. DISCUSSION

Morales's sole argument on appeal is that by allowing a defendant to waive his right to have a court reporter attend and make a record of a punishment hearing in a felony case, Rule 13.1 of the Texas Rules of Appellate Procedure violates the Fourteenth Amendment's due process clause. *See* U.S. Const. amend. XIV, § 1; *see also* Tex. R. App. P. 13.1(a). Morales's complaint is both unpreserved and meritless.

"It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Even due process rights can be waived by failure to object. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009); *Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002); *Eddie v. State*, 100 S.W.3d 437, 440 (Tex. App.—Texarkana 2003, pet. ref'd). To preserve a complaint for appellate review, the record must show that the appellant presented a timely request, objection, or motion to the trial court stating the specific grounds for the ruling desired. Tex. R. App. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the

3

complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Here, nothing in the record indicates that Morales objected to the lack of a court reporter at the punishment hearing, whether on due process grounds or any other grounds. Indeed, at the abatement hearing, Morales's trial counsel confirmed that he had lodged no objection to the court reporter's absence at the punishment hearing. By failing to raise his due process complaint in the trial court,[3] Morales failed to preserve it for appellate review.

Further, even if Morales had preserved his sole appellate issue, we would overrule it on the merits. Texas courts have consistently held that the right to have a court reporter attend a court session and record the proceedings is one that may be forfeited. *See Davis v. State*, 345 S.W.3d 71, 77 (Tex. Crim. App. 2011) (holding that it is the appellant's "burden to object when the official court reporter is *not* present" to

---

[3]In his brief, Morales implies that requiring a defendant to show that he presented a timely request, objection, or motion to the trial court to preserve a complaint about the lack of a court reporter creates a "Catch-22" situation because the lack of a court reporter itself prevents the creation of a record of such a request, objection, or motion. Although we are sensitive to the difficulty of preserving an objection in the absence of a court reporter, we note that Morales could have raised his due process complaint in a motion for new trial. *See Burt v. State*, 396 S.W.3d 574, 577 & n.4 (Tex. Crim. App. 2013) (noting that an appellant may raise a sentencing issue in a motion for new trial for the first time if he did not have the opportunity to object in the punishment hearing); *see also* Tex. R. App. P. 21.2; *Prudhomme v. State*, 28 S.W.3d 114, 118 (Tex. App.—Texarkana 2000, order) (noting that while "[a] motion for new trial is generally not a prerequisite to an appeal, . . . it can be indispensable for a meaningful appeal of issues which are reliant on facts outside the record").

preserve error on appeal); *Satterfield v. State*, 367 S.W.3d 868, 870 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (holding that "the right to a court reporter is a forfeitable right"); *see also Wolever v. State*, No. 05-16-00169-CR, 2017 WL 930028, at *1 (Tex. App.—Dallas Mar. 9, 2017, no pet.) (mem. op., not designated for publication) ("The right to a court reporter is a right that may be forfeited by the defendant if he . . . fails to request a reporter or object to the absence of one." (citing *Satterfield*, 367 S.W.3d at 870)); *Johnson v. State*, 409 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("[T]o avoid forfeiture of the right to a record of . . . a sentencing hearing, the defendant must either request a court reporter or object to the reporter's failure to record the proceedings."); *Ham v. State*, 355 S.W.3d 819, 822–23 (Tex. App.—Amarillo 2011, pet. ref'd) (holding that, when court reporter failed to record portion of trial, "it was for [defendant] to raise a complaint with the trial court"). Based on this precedence, we cannot conclude that Rule 13.1(a) offends the Fourteenth Amendment's due process clause by allowing parties to affirmatively waive a forfeitable right. *Cf. U.S. v. Mariano*, 729 F.3d 874, 880 (8th Cir. 2013) ("[A] defendant may forfeit a challenge to a constructive amendment; *a fortiori*, he can waive it." (internal citation omitted)).

We overrule Morales's sole issue.

5

## III. Conclusion

Having overruled Morales's sole issue, we affirm the trial court's judgment.[4]

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Publish

Delivered:  March 27, 2025

---

[4]After the abatement hearing, Morales filed a document entitled "Appellant's Objections to Trial Court's Findings of Fact" in which he requested that we again abate the appeal and remand the case to the trial court for another hearing.  This request is denied.