**Opinion issued July 16, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-12-00248-CR**

**NO. 01-12-00249-CR**

———————————

**ROBERT DEON JOHNSON, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1299165 & 1299166**

## O P I N I O N

Appellant, Robert Deon Johnson, Jr., pleaded guilty to the second-degree

felony offense of aggravated assault of a family member and to the third-degree

felony offense of injury to a child.[1] The trial court placed appellant on deferred-adjudication community supervision for eight years for both offenses. The State subsequently moved to adjudicate guilt, and appellant stipulated to the truth of the allegations in the motion to adjudicate guilt. The trial court adjudicated guilt and assessed punishment at ten years' confinement for both offenses, to run concurrently. In two issues, appellant contends that (1) the trial court denied him due process on appeal when it failed to require the court reporter to make a record of his sentencing hearing, and (2) the judgment in cause number 1299165 should be reformed to reflect that he was convicted of "aggravated assault," not "aggravated assault of a family member."

We affirm the judgment in trial court cause number 1299166. We modify the judgment in trial court cause number 1299165 and affirm as modified.

## Background

In the indictment for trial court cause number 1299165, the State alleged that appellant "unlawfully, intentionally and knowingly threaten[ed] DAISHA GUILLIAME, a PERSON WITH WHOM THE DEFENDANT HAD A DATING RELATIONSHIP, hereafter styled the Complainant, with imminent bodily injury

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011) (aggravated assault); *id.* § 22.04(a)(3) (Vernon Supp. 2012) (injury to child). The offense of aggravated assault of a family member was tried in trial court cause number 1299165 and resulted in appellate cause number 01-12-00248-CR. The offense of injury to a child was tried in trial court cause number 1299166 and resulted in appellate cause number 01-12-00249-CR.

2

by using and exhibiting a deadly weapon, namely, A KNIFE," in violation of Penal Code section 22.02. The indictment in cause number 1299166 alleged that appellant caused bodily injury to J.C., a child younger than fifteen, by throwing her into a wall, in violation of Penal Code section 22.04(a)(3). The record presented by appellant includes only the clerk's record.

On May 16, 2011, appellant pleaded guilty to the charged offenses, and the State recommended that the trial court defer adjudication of guilt and place appellant on community supervision for eight years for both of the offenses. In the plea paperwork, appellant initialed an admonishment that stated, "I waive the right to have a court reporter record my plea of Guilty or Nolo Contendere (No Contest) or True. . . . I waive and give up under Article 1.14 of the Texas Code of Criminal Procedure any and all rights given to me by law whether of form, substance, or procedure." The trial court accepted appellant's plea, deferred adjudication of guilt, and placed appellant on community supervision for eight years for both offenses. In cause number 1299165, the deferred adjudication order stated the offense as "Agg Assault-Family Member" and included an affirmative finding that appellant was prosecuted for an offense that involved family violence.

The terms and conditions of appellant's community supervision required him to refrain from committing an offense against the laws of Texas and to participate in a domestic violence treatment program. On January 30, 2012, the

3

State moved to adjudicate guilt, alleging that appellant had committed two new offenses and had failed to participate in a domestic violence treatment program. Appellant stipulated that the allegations in the State's motion to adjudicate were true.

The trial court held a hearing on the State's motion to adjudicate on February 28, 2012. No reporter's record exists of this hearing. There is no indication in the record that appellant ever objected to or filed a motion complaining of the court reporter's failure to make a record of this hearing. The trial court adjudicated guilt and assessed punishment at ten years' confinement for each offense, to run concurrently. The judgment for cause number 1299165 included an affirmative family violence finding, and it also stated, "Offense for which Defendant Convicted: Agg Assault-Family Member."

Appellant subsequently filed a motion "for reconsideration or reduction of sentence," in which he requested that the trial court reconsider its sentencing decision and place him on community supervision. Appellant did not raise an objection in this motion to the trial court's failure to require the court reporter to record the sentencing hearing. The trial court denied this motion, and this appeal followed.

**Failure to Record Sentencing Hearing**

In his first issue, appellant contends that the trial court denied him due process on appeal when it failed to require the court reporter to record his sentencing hearing.

Texas Rule of Appellate Procedure 13.1(a) requires the official court reporter, "unless excused by agreement of the parties, [to] attend court sessions and make a full record of the proceedings." TEX. R. APP. P. 13.1(a). In *Davis v. State*, the Court of Criminal Appeals clarified, however, that,

> even if Rule 13.1 *does* impose a preliminary burden on the *trial court* to ensure the presence of a court reporter at all proceedings, our case law also imposes an additional, independent burden to object when the official court reporter is *not* present, as he is required to be under Rule 13.1, in order to preserve any error that may occur for appeal.

345 S.W.3d 71, 77 (Tex. Crim. App. 2011) (emphasis in original); *see also Satterfield v. State*, 367 S.W.3d 868, 870 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (holding that right to court reporter is right that may be forfeited by defendant). Thus, to avoid forfeiture of the right to a record of, for example, a sentencing hearing, the defendant must either request a court reporter or object to the reporter's failure to record the proceedings. *See Satterfield*, 367 S.W.3d at 871; *Ham v. State*, 355 S.W.3d 819, 822–23 (Tex. App.—Amarillo  2011, pet. ref'd) (holding that, when court reporter failed to record portion of trial, "it was for [defendant] to raise a complaint with the trial court"); *see also Newman v. State*,

331 S.W.3d 447, 450 (Tex. Crim. App. 2011) ("The record appellant presented, however, contains no reporter's record of any hearing that may have occurred on June 26, 2008. This record also does not show whether appellant objected in the event that the court reporter was not present to transcribe the June 26, 2008 hearing."); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) ("The record does not reflect that appellant made an objection to the court reporter's failure to record the bench conferences nor does appellant allege he made such an objection at trial. Therefore, appellant has failed to preserve his complaint for appeal.").

There is no indication in the record that appellant objected to the court reporter's failure to record his sentencing hearing, either before the trial court at the hearing or in a post-judgment motion. Although appellant filed a post-judgment motion asking the trial court to reconsider his sentence, he mentioned nothing about the court reporter's failure to record his sentencing hearing.

Because the record does not indicate either that appellant requested that a court reporter record his sentencing hearing or that appellant objected to the court reporter's failure to record the hearing, we follow the Court of Criminal Appeals' holding in *Davis*: appellant has failed to preserve for appellate review his complaint that the trial court denied him due process by failing to require the court reporter to record the hearing. *See Davis*, 345 S.W.3d at 77; *Satterfield*, 367

6

S.W.3d at 871; *see also Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("[O]ur prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved.").

We overrule appellant's first issue.

## Modification of Judgment

In trial court cause number 1299165, appellant was indicted under Penal Code section 22.02(a)(2) for aggravated assault on "Daisha Guilliame, a person with whom [he] had a dating relationship."

In his second issue, appellant contends that the judgment for trial court cause number 1299165 must be reformed because there is no offense entitled "Aggravated Assault of a Family Member," for which the judgment in that cause number states that appellant was convicted.

Rule of Appellate Procedure 43.2(b) allows an appellate court to "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b). An appellate court has the power to reform an incorrect trial court judgment to "make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd)).

Code of Criminal Procedure article 42.013 provides that if the trial court "determines that the offense involved family violence, as defined by Section 71.004, Family Code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013 (Vernon 2006); *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006) ("[T]he trial court is statutorily obligated to enter an affirmative finding of family violence in its judgment, if during the guilt phase of trial, the court determines that the offense involved family violence as defined by Tex. Fam. Code § 71.004(1)."). Family Code section 71.004 ("Family Violence") defines "family violence" as including "an act by a member of a family or household against another member of the family or household that is . . . a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault . . . ." TEX. FAM. CODE ANN. § 71.004(1) (Vernon 2008). "Family violence" includes "dating violence, as that term is defined by Section 71.0021." *Id.* § 71.004(3). Section 71.0021 ("Dating Violence") defines "dating violence" as an act committed against a victim "with whom the actor has or had a dating relationship" and that "is a threat that reasonably places the victim in fear of imminent physical harm, bodily injury, assault, or sexual assault." *Id.* § 71.0021(a) (Vernon Supp. 2012). Section 71.003 ("Family") defines "family" as including individuals related by consanguinity or affinity, former spouses, parents of the

8

same child without regard to whether they are married, and foster children and foster parents. *Id.* § 71.003 (Vernon 2008). "Family" does not necessarily include an individual with whom the actor is in a dating relationship.

Because appellant failed to seek a reporter's record of his sentencing hearing, there is no testimony before this Court as to the full nature of the relationship between the complainant and appellant. It is the appellant's burden to bring forth a record to show error requiring modification of the trial court's judgment. *See Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Applewhite v. State*, 872 S.W.2d 32, 33 (Tex. App.—Houston [1st Dist.] 1994, no pet.) ("The burden is on appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal."). Because it was appellant's burden to ensure a complete record on appeal, we presume that omissions support the judgment of the trial court. *Diaz-Galvan*, 942 S.W.2d at 186. Moreover, appellant stipulated that he committed aggravated assault against an individual with whom he was in a dating relationship. Thus, even if Guilliame was not a "family member," appellant was undisputedly convicted of an offense involving family violence, thereby requiring the trial court to enter an affirmative finding of family violence in its judgment, which it did. *See* TEX. CODE CRIM. PROC. ANN. art. 42.013; TEX. FAM. CODE ANN. § 71.004(3) (defining "family violence" as including "dating violence"). Appellant cites no

9

authority for the proposition that it is erroneous for the trial court to specify in its judgment that the aggravated assault offense for which appellant was convicted involves family violence in addition to making a separate affirmative family violence finding in the judgment. *See State v. Eakins*, 71 S.W.3d 443, 444 (Tex. App.—Austin 2002, no pet.) (stating that purpose of article 42.013 is to "simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault"). Appellant cites no authority for the proposition that the only proper way to describe the offense for which he was convicted was "aggravated assault," instead of specifying that the offense involved family violence.

The judgment accurately reflects that appellant was convicted of aggravated assault on a person with whom he had a dating relationship, which constitutes an offense involving an act of family violence under Family Code section 71.004(3). However, because the record presented on appeal does not specify that Guilliame was a member of appellant's "family" as defined in Family Code section 71.003, in the interest of clarity, we modify the "Offense for which Defendant Convicted" portion of the trial court's judgment to state "Agg Assault-Family Violence" instead of "Agg Assault-Family Member."

We sustain appellant's second issue in part.

10

## Conclusion

We affirm the judgment in trial court cause number 1299166, appellate cause number 01-12-00249-CR.  We modify the "Offense for which Defendant Convicted" portion of the judgment in trial court cause number 1299165, appellate cause number 01-12-00248-CR, to state "Agg Assault-Family Violence," not "Agg Assault-Family Member."  We affirm as modified.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Bland.

Publish.   TEX. R. APP. P. 47.2(b).