PD-1560-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/25/2015 11:46:08 AM
Accepted 11/25/2015 11:56:05 AM
ABEL ACOSTA
CLERK

IN THE

COURT OF CRIMINAL APPEALS

AT

AUSTIN, TEXAS

| | | |
|---|---|---|
| RICHARD AHMED ZAMBRANA, Appellant | § | |
| | § | No. _____ |
| THE STATE OF TEXAS, Appellee | § | |

PETITION FOR DISCRETIONARY REVIEW

FROM THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

NO. 07-12-00125-CR

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

Daniel Wannamaker
State Bar No. 20834300
1012 Rio Grande
Austin, Texas 78701
(512) 236-9929
(512) 233-5979 (fax)

FILED IN
COURT OF CRIMINAL APPEALS

November 25, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

Table of Contents...................................................................................i

Identity of Parties and Counsel.............................................................ii

Index of Authorities...........................................................................iv

Statement Regarding Oral Argument.......................................................v

Statement of the Case.........................................................................2

Statement of Procedural History............................................................2

Question for Review...........................................................................2

> MUST THE JUDGMENT OF
> CONVICTION INAN ASSAULT-FAMILY
> VIOLENCE CASE ALLEGE THAT AN
> ASSAULT CAUSING BODILY INJURY
> OCCURRED?

Argument........................................................................................3

Prayer............................................................................................5

Certificate of Compliance................................................................... 5

Certificate of Service.........................................................................5

Appendix........................................................................................6

Court of Appeals Opinion
Trial Court Order Granting Out-of-time
Petition for Discretionary Review

i

IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                          RICHARD AHMED ZAMBRANA

TRIAL COURT:                        HONORABLE PAMELA SIRMON
                                    POTTER COUNTY COURT
                                    AT LAW NO. TWO
                                    500 S. Fillmore, Suite 301
                                    Amarillo, TX 79101

STATE'S ATTORNEY:                   JANELLE McBRIDE
                                    SBN: 00795718
                                    JOSH FRAUSTO
                                    SBN: 24074228
                                    Potter County Attorney
                                    500 S. Fillmore, Room 303
                                    Amarillo, TX 79101
                                    (806) 379-2215

TRIAL COUNSEL:                      PAUL HERMANN
                                    SBN: 09541810
                                    Hermann & Weaver
                                    320 S. Polk, Suite 902
                                    Amarillo, TX 79101
                                    (806) 342-4242

APPELLANT'S COUNSEL
ON APPEAL:                          DARRELL R. CAREY
                                    SBN: 03791700
                                    Hester McGlasson & Cox
                                    1507 Fourth Avenue
                                    Canyon, Texas 79015
                                    (806) 655-1016

ii

APPELLANT'S COUNSEL ON PETITION
FOR DISCRETIONARY REVIEW:        DANIEL WANNAMAKER
SBN: 20834300
1012 Rio Grande
Austin, TX 78701
(512) 236-9929

APPELLEE'S COUNSEL:        Potter County Attorney
500 Fillmore, Room 303
Amarillo, TX 79101
(806) 379-2215

# STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument.

# INDEX OF AUTHORITIES

**PAGE**

**Cases**

*Gollihar v. State*, 46 S.W. 3d 243
(Tex. Crim. App. 2001)...........................................................................................3

*Johnson v. State*, 409 S.W. 3d 738
(Tex. App. - Houston [1st Dist.] 2013, no pet.)......................................................4

**Statutes**

Tex. Code Crim. Proc., ARTICLE 42.01 § 13 ......................................................4

Tex. Penal Code, § 22.01(a)(1)............................................................................3

**RULES**

TEX. R. APP. P., Rule 66.3(b)...............................................................................4

TEX. R. APP. P., Rule 68......................................................................................1

IN THE

COURT OF CRIMINAL APPEALS

AT

AUSTIN, TEXAS

| | | |
|---|---|---|
| RICHARD AHMED ZAMBRANA, <br> Appellant | § | |
| | § | No. _____ |
| THE STATE OF TEXAS, <br> Appellee | § | |

PETITION FOR DISCRETIONARY REVIEW

FROM THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

NO. 07-12-00125-CR

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Comes now Appellant Richard Ahmed Zambrana, by and through his undersigned counsel, and pursuant to Rule 68 of the Texas Rules of Appellate Procedure, offers this Petition for Discretionary Review. Appellant respectfully submits the following:

1

## STATEMENT OF THE CASE

On November 15, 2011, Appellant was charged by information in Cause No. 132, 487-2 in County Court at Law Number Two, Potter County with the offense of Assault Causing Bodily Injury Against A Family Member (Enhanced). On February 14, 2012, the jury found him guilty, but without a finding of true as to the enhancement allegation. The trial court set the punishment at 180 days in jail probated for eighteen months and a $500 fine. Subsequently, Appellant filed timely notice of appeal.

## STATEMENT OF PROCEDURAL HISTORY

On February 24, 2014, the Amarillo Court of Appeals affirmed the trial court's judgment in an unpublished opinion. *Zambrana v. State*, No. 07-12-00125-CR (Tex. App. – Amarillo, decided Feb. 24, 2014). Appellate counsel did not file a Petition for Discretionary Review, but Appellant subsequently filed a Writ of Habeas Corpus seeking permission to file an out-of-time Petition for Discretionary Review. The trial court granted relief on October 26, 2015 (Appendix ).

## QUESTION FOR REVIEW

Must the judgment of conviction in an assault-family violence case allege that an assault causing bodily injury occurred?

2

## ARGUMENT

The information in this case alleged that Appellant had caused bodily injury to his spouse, a class A misdemeanor under Section 22.01(a)(1) of the Penal Code CR-2. The trial court's judgment, however, did not reflect that Appellant caused bodily injury, but only that Appellant had been convicted of "Assault, Domestic Violence, as charged in the Information." The trial court also entered an affirmative finding that the alleged victim was a "family member of the defendant or a member of the defendant's household." *Zambrana v. State, supra*, Slip Opinion at p. 4.

In his brief to the Amarillo Court of Appeals, Appellant argued that there had been a fatal variance between the information and the evidence at trial, on the one hand, and the judgment, on the other. Because the judgment did not reflect that Appellant had caused bodily injury, as required for a conviction under Section 22.01(a)(1), Appellant contended that the judgment should be construed as reflecting a conviction for class C assault, rendering his sentence illegal. Appellant's brief at pp. 3-6.

The Amarillo Court of Appeals rejected the argument, holding that no variance occurred, because the variance doctrine dealt with a variance between charging instrument and the evidence. *Zambrana* at p. 5, citing *Gollihar v. State*,

3

46 S.W. 3d 243 (Tex. Crim. App. 2001). The Court also concluded that the reference to "Assault, Domestic Violence" was sufficient, so that the judgment did not have to reflect that bodily injury had occurred. *Id*. at p. 5, citing *Johnson v. State*, 409 S.W. 3d 738 (Tex. App. – Houston [1st Dist.] 2013, no pet.).

Article 42.01, § 13 of the Code of Criminal Procedure, however, provides that the judgment must reflect the "offense or offenses for which the defendant was convicted." TEX. CODE CRIM. PROC., Art. 42.01 § 13. The question here is whether a judgment of conviction for Assault Family Violence is valid where it only uses the shorthand term "Assault Domestic Violence" without alleging that the defendant caused bodily injury, an element of the offense. *Johnson v. State*, *supra*, is not in point, because the issue there was only whether the term "Agg. Assault Family Member" in the judgment should have been reformed to say "Agg. Assault Family Violence." *Johnson* at 409 S.W. 3d 742-743.

The question of how specific a judgment must be under Article 42.01 of the Code of Criminal Procedure to sustain a conviction for Assault Family Violence is an important question of state law that has not been settled, and that this Court should answer. T.R.APP. P., R. 66.3(b).

4

## PRAYER

Appellant prays that the Court grant this Petition and allow oral argument.

Respectfully submitted,

/s/ Daniel Wannamaker
State Bar: 20834300
1012 Rio Grande
Austin, TX 78701
(512) 236-9929
(512) 233-5979 (fax)

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 of the Rules of Appellate Procedure, I certify that this Petition contains 813 words.

/s/ Daniel Wannamaker

## CERTIFICATE OF SERVICE

I certify that true and correct copies of this Petition were mailed to the State Prosecuting Attorney, P.O. Box 1748, Austin, Texas 78711 and to Mr. Scott Brumley, Potter County Attorney, 500 South Fillmore, Room 301, Amarillo, Texas 79101 on this the 25th day of November, 2015. A copy was also emailed to Mr. Scott Brumley at countyattorney@co.potter.tx.us.

/s/ Daniel Wannamaker

5

# APPENDIX



In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-12-00125-CR

_____

RICHARD AHMED ZAMBRANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 132,487-2, Honorable Pamela Cook Sirmon, Presiding

February 24, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Richard Ahmed Zambrana appeals from his jury conviction of an assault against his wife causing bodily injury,[1] and the resulting punishment of 180 days confinement in the Potter County Jail, probated for eighteen months, and $500 fine plus court costs. Through two issues, appellant contends the trial court erred. We will affirm the judgment.

---

[1] TEX. PENAL CODE ANN. § 22.01 (West 2012).

## Background

Appellant was charged by information alleging that in April 2011, he intentionally, knowingly or recklessly caused bodily injury to his wife Tina Alexander-Zambrana.[2] The couple married in March 2010. They separated in February 2011 but continued to "work on their marriage." Alexander filed for divorce in August 2011.

In April 2011, the couple went together to a cookout in Groom, Texas. Both parties consumed alcohol at that gathering. During the evening, appellant became angry with Alexander and later, while they drove back home, appellant again became angry with her. Appellant accused Alexander of flirting with another man.

Alexander's testimony at trial described further events of the evening, during which appellant bought and consumed additional beer, continued to accuse her of flirting with the other man at the cookout, and became angry when she would not agree to stay with him that night. Eventually, she testified, they argued and she told appellant she would not attend their marriage counseling session the next morning. Appellant then became angry and assaulted her in various ways. By her testimony, he threw her across the floor and into furniture, kicked her hips and thighs, grabbed her hair, shoved her into a wall, choked her, and slapped her face.

Alexander testified that after she saw that appellant was asleep, she crawled into the living room and slept on the couch. She told the jury her head hurt "so bad," her back hurt, her legs hurt and "kept trembling," and her throat was sore. The next

---

[2] Hereafter, we refer to the victim of appellant's assault as Tina Alexander, which is the name by which she identified herself at trial.

2

morning, appellant apologized. The two drove separate cars to their marriage counseling appointment.

Alexander testified she did not report the assault to the police because she did not want her marriage to end, nor did she want appellant to lose his job as a firefighter.

A co-worker of Alexander's testified she observed "kind of blue and purplish" bruises on Alexander's arms at about the same time as the assault occurred. Alexander's sister also testified she saw dark bruises on her arm on April 10, 2011.

Appellant did not testify during the guilt-innocence phase of trial.

Following presentation of the evidence, the jury found appellant guilty of the offense as charged in the information and sentence was assessed as noted. This appeal followed.

## Analysis

### Defect in Court's Judgment

Appellant's first issue focuses on the manner in which the trial court's written judgment describes the offense of which he was convicted. His contention is the same as that he presented in his appeal of another conviction for assault on his wife, which appeal is this Court's Cause No. 07-12-00124-CR.[3]

---

[3] The two cases were tried two weeks apart. *See Zambrana v. State,* No. 07-12-00124-CR, ___ Tex. App. LEXIS ____ (Tex. App.—Amarillo February 24, 2014) (mem. op., not designated for publication).

The form of the information, jury charge, verdict form, and judgment in this case are very similar to the forms of those documents appearing in Cause No. 07-12-00124-CR. Like the judgment in Cause No. 07-12-00124-CR, the judgment in this case contains the language "Offense Convicted of: Assault, Domestic Violence," and "Degree of Offense: Class A misdemeanor." Like the other judgment, the judgment in this case also refers in several other places to the convicted offense as "Assault (Domestic Violence), a Class 'A' Misdemeanor." It recites the verdict of the jury as finding appellant "guilty of the offense of Assault, Domestic Violence, as charged in the Information." It adjudges appellant "guilty of the offense of Assault (Domestic violence), a Class 'A' Misdemeanor, as found by the Jury." It also contains a family violence finding.[4]

And, like in Cause No. 07-12-00124-CR, appellant argues here that the wording of the judgment reflected his conviction only of a Class C misdemeanor offense because it omitted any express reference to bodily injury. He again refers to the judgment's omission of an express reference to bodily injury as a "fatal variance," and again asserts it requires his acquittal of the Class A misdemeanor offense.

Like in Cause No. 07-12-00124-CR, appellant relies on our opinion in *Tanner v. State,* 335 S.W.3d 784 (Tex. App.—Amarillo 2011, no pet.) to support his position. For the same reason we have described in our opinion in Cause No. 07-12-00124-CR, we find *Tanner* does not aid appellant in this case. And, we find no variance on this record because, as was also true in Cause No. 07-12-00124-CR, there is no discrepancy between the information and the proof at trial. As we discuss later in this opinion, the

---

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2013) (requiring affirmative finding of family violence).

4

victim's testimony was sufficient to permit the jury to find appellant caused her bodily injury. *See Gollihar v. State,* 46 S.W.3d 243, 246 (Tex. Crim. App. 2001) (defining variance as occurring when there is a discrepancy between the allegation in the charging instrument and the proof at trial. In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument").

Lastly, we note appellant cites no authority supporting his argument that because the judgment omits express reference to bodily injury, it must refer to assault as a Class C misdemeanor offense. *See Johnson v. State,* 409 S.W.3d 738, 743 (Tex. App.— Houston [1st Dist.] 2013, no pet.) (modifying judgment but noting defendant cited no authority for complaint regarding manner in which offense was described in judgment).

We resolve appellant's first issue against him.

Sufficiency of the Evidence

By appellant's second issue, he contends the evidence supporting his conviction is insufficient.

In assessing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to

support a conviction." *Brooks,* 232 S.W.3d at 917 (Cochran, J., concurring). Our review of the evidentiary sufficiency leads ultimately to the question whether the jury's finding of guilt was a rational finding. *Id.* at 906-07.

The *Jackson v. Virginia* standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson,* 443 U.S. at 319. When performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Instead, we must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson,* 443 U.S. at 326; *Hooper v. State,* 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We measure the sufficiency of the evidence against the instructions of a hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

Penal Code section 22.01(a) provides that a person commits an offense by intentionally, knowingly or recklessly causing bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2012). The information alleged that:

> ...on or about the 8th day of April, 2011, RICHARD AHMED ZAMBRANA did then and there intentionally, knowingly or recklessly cause bodily injury to TINA ALEXANDER by pulling her hair, slapping her face, grabbing her wrist, grabbing her arm, choking her, pressing on her neck, throwing her against a wall, or throwing her against furniture; and at the time of this offense, TINA ALEXANDER was a member of the defendant's family or a member of the defendant's household or a person with whom the defendant had or had had a dating

relationship, as defined by the Texas Family Code sections 71.0021(b), or 71.003, or 71.005.

Appellant specifically argues the evidence was insufficient to show his actions caused Alexander bodily injury. For this purpose, "bodily injury" means "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (West 2012). Direct evidence that a victim suffered pain is sufficient to show bodily injury. *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009).

The prosecutor asked Alexander whether, after the assault, she was "feeling pain." As we have noted, Alexander testified her head hurt "so bad," her back hurt, her legs hurt and "kept trembling," and her throat was sore. From the context of her statement, the jury rationally could have inferred that the pain she referred to in several parts of her body was caused by the physical assaults from her husband which she had just described for the jury. *See Hooper*, 214 S.W.3d at 16 (an inference is a conclusion reached by considering other facts and deducing a logical consequence from them).

Appellant also points to other reasons why, in his view, Alexander's testimony could not support a rational finding of guilt. He argues her account of the assault was rendered untrustworthy by (1) evidence she was intoxicated at the time of the events; (2) her untruthful testimony concerning the amount she had to drink;[5] (3) her frequent responses to questions during testimony indicating she could not remember particular events or why she took particular actions; (4) her inability to explain adequately why she did not leave appellant's home after the attack but slept there; (5) her failure to make a

---

[5] Another person who attended the cookout testified Alexander drank more vodka than Alexander testified to drinking.

7

report to police or complaint to family members about the assault; (6) the lack of pictures or documentation of claimed injuries; and (7) evidence of her behavior the next morning, including her attendance at marriage counseling with appellant. Appellant also points out Alexander had a financial motive to pursue the prosecution because of the parties' pending divorce.

All the factors to which appellant points are reasons why jurors might have disbelieved Alexander's testimony, but none of them provide reasons the jurors were required to disbelieve it. It is the role of the jury to judge the credibility of evidence and the weight to be given particular items of evidence, to resolve conflicts in the testimony, and to draw reasonable inferences from that evidence. *See Jackson,* 443 U.S. at 319; *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 2012). In carrying out its factfinding functions, the jury was free to believe Alexander and to give weight to the testimony regarding bruises on her arms. Viewing all of the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have determined beyond a reasonable doubt that appellant intentionally, knowingly or recklessly caused bodily injury to Alexander, a member of his family or household, by "pulling her hair, slapping her face, grabbing her wrist, grabbing her arm, choking her, pressing on her neck, throwing her against a wall or throwing her against furniture." *Jackson,* 443 U.S. at 319, *Isassi,* 330 S.W.3d at 638.

We overrule appellant's second issue, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

8

  

# County of Potter

Amarillo, Texas

JULIE SMITH
COUNTY CLERK
BOX 9638
AMARILLO, TEXAS 79105-9638
(806) 379-2275

October 27, 2015

C. Scott Brumley
Potter County Attorney
500 S. Fillmore
Amarillo, TX 79101

Wannamaker & Associates
Daniel H. Wannamaker
Attorney at Law
1012 Rio Grande Street
Austin, TX 78701

Re: Cause No. 132487-2, The State of Texas vs. RICHARD AHMED ZAMBRANA

Dear Counsel:

The following document has been filed in the above captioned case:

- Order on Writ of Habeas Corpus

I am enclosing a copy of the above mentioned document.

Very truly yours,

Julie Smith, Potter County Clerk

By: _Lauren Arterburn_

CC: Judge Sirmon
    Clerk's File

No. 132487

FILED FOR RECORD
POTTER COUNTY, TEXAS

COPY

2015 OCT 27   AM 9:27

Julie Smith
County Clerk, Potter Co.
By_____ Deputy

EX PARTE                              §        IN THE COUNTY COURT AT LAW

                                      §        NUMBER TWO OF

RICHARD AHMED ZAMBRANA                §        POTTER COUNTY, TEXAS


### ORDER ON WRIT OF HABEAS CORPUS

On this day came on to be heard Richard Ahmed Zambrana's Application For Writ Of Habeas Corpus.

After due consideration, the Court finds that the writ should be GRANTED, and that Applicant is entitled to file an out-of-time Petition For Discretionary Review.

IT IS SO ORDERED on this the ___26___ day of October, 2015.

_____
JUDGE PRESIDING