PD-1545-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/25/2015 11:43:10 AM
Accepted 11/25/2015 11:55:08 AM
ABEL ACOSTA
CLERK

IN THE

COURT OF CRIMINAL APPEALS

AT

AUSTIN, TEXAS

| | | |
|---|---|---|
| RICHARD AHMED ZAMBRANA, Appellant | § | |
| | § | No. _____ |
| THE STATE OF TEXAS, Appellee | § | |

PETITION FOR DISCRETIONARY REVIEW

FROM THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

NO. 07-12-00124-CR

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

Daniel Wannamaker
State Bar No. 20834300
1012 Rio Grande
Austin, Texas 78701
(512) 236-9929
(512) 233-5979 (fax)

FILED IN
COURT OF CRIMINAL APPEALS

November 25, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

Table of Contents ................................................................... i

Identity of Parties and Counsel ...........................................ii

Index of Authorities...............................................................iv

Statement Rgarding Oral Argument.........................................v

Statement of the Case...............................................................2

Statement of Procedural History.............................................2

Questions for Review...............................................................3

MUST THE JUDGMENT OF
CONVICTION INAN ASSAULT-FAMILY
VIOLENCE CASE ALLEGE THAT AN
ASSAULT CAUSING BODILY INJURY
OCCURRED?

Argument.................................................................................3

Prayer......................................................................................5

Certificate of Compliance........................................................ 5

Certificate of Service...............................................................6

Appendix..................................................................................7

Court of Appeals Opinion
Trial Court Order Granting Out-of-time
Petition for Discretionary Review

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                          RICHARD AHMED ZAMBRANA

TRIAL COURT:                        HONORABLE PAMELA SIRMON
                                    POTTER COUNTY COURT
                                    AT LAW NO. TWO
                                    500 S. Fillmore, Suite 301
                                    Amarillo, TX 79101

STATE'S ATTORNEY:                   JANELLE McBRIDE
                                    SBN: 00795718
                                    JOSH FRAUSTO
                                    SBN: 24074228
                                    Potter County Attorney
                                    500 S. Fillmore, Room 303
                                    Amarillo, TX 79101
                                    (806) 379-2215

TRIAL COUNSEL:                      PAUL HERMANN
                                    SBN: 09541810
                                    Hermann & Weaver
                                    320 S. Polk, Suite 902
                                    Amarillo, TX 79101
                                    (806) 342-4242

APPELLANT'S COUNSEL
ON APPEAL:                          DARRELL R. CAREY
                                    SBN: 03791700
                                    Hester McGlasson & Cox
                                    1507 Fourth Avenue
                                    Canyon, Texas 79015
                                    (806) 655-1016

ii

APPELLANT'S COUNSEL ON PETITION
FOR DISCRETIONARY REVIEW:      DANIEL WANNAMAKER
SBN: 20834300
1012 Rio Grande
Austin, TX 78701
(512) 236-9929

APPELLEE'S COUNSEL:      Potter County Attorney
500 Fillmore, Room 303
Amarillo, TX 79101
(806) 379-2215

# INDEX OF AUTHORITIES

**PAGE**

**Cases**

*Gollihar v. State*, 46 S.W. 3d 243
(Tex. Crim. App. 2001)...................................................................................... 4

*Johnson v. State*, 409 S.W. 3d 738
(Tex. App. - Houston [1st Dist.] 2013, no pet.)............................................... 4

**Statutes**

TEX. CODE CRIM. PROC., ARTICLE 42.01 § 13 ...................................................... 4

TEX. PENAL CODE, § 22.01(a)(1)............................................................................ 3

**RULES**

TEX. R. APP. P., Rule 66.3(b)............................................................................5

TEX. R. APP. P., Rule 68............................................................................1

# STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument.

IN THE

COURT OF CRIMINAL APPEALS

AT

AUSTIN, TEXAS

| | | |
|---|---|---|
| RICHARD AHMED ZAMBRANA, Appellant | § | |
| | § | No. _____ |
| THE STATE OF TEXAS, Appellee | § | |

PETITION FOR DISCRETIONARY REVIEW

FROM THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

NO. 07-12-00124-CR

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

Comes now Appellant Richard Ahmed Zambrana, by and through his undersigned counsel, and pursuant to Rule 68 of the Texas Rules of Appellate Procedure, offers this Petition for Discretionary Review. Appellant respectfully submits the following:

1

## STATEMENT OF THE CASE

On June 8, 2011, Appellant was charged by information with the offense of Assault Causing Bodily Injury Against a Family Member in Cause No. 131,171-2 in the County Court at Law Number Two in Potter County, Texas (CR-2). Paul Herrmann was retained to represent Appellant at trial (CR-4). On November 15, 2011, a jury was selected (RR 2 – 58). On November 15, 2011, a mistrial was granted (RR 2 – 80). On January 4, 2012, a double jeopardy hearing was held (RR 3 – 4) and the Court denied the motion to dismiss (RR 3 – 22). The State waived count 2 of the information of February 28, 2012 (RR 4 – 7). On February 28, 2012, a jury was selected (RR 4 – 73). On February 28, 2012, the jury returned a verdict of guilty of the offense of Assault Causing Bodily Injury Against a Family Member as alleged in the information (RR 4 – 259). The Court set the punishment at 45 days in county jail and a $300.00 fine (CR 66-67). Subsequently, Appellant filed timely notice of appeal.

## STATEMENT OF PROCEDURAL HISTORY

On February 24, 2014, the Amarillo Court of Appeals affirmed the trial court's judgment in an unpublished opinion. *Zambrana v. State*, No. 07-12-00124-CR (Tex. App. – Amarillo, decided Feb. 24, 2014). Appellate counsel did not file a

2

Petition for Discretionary Review, but Appellant subsequently filed a Writ of Habeas Corpus seeking permission to file an out-of-time Petition for Discretionary Review. The trial court granted relief on October 26, 2015 (Appendix ).

## QUESTION FOR REVIEW

Must the judgment of conviction in an assault-family violence case allege that an assault causing bodily injury occurred?

## ARGUMENT

The information in this case alleged that Appellant had caused bodily injury to his spouse, a class A misdemeanor under Section 22.01(a)(1) of the Penal Code CR-2. The trial court's judgment, however, did not reflect that Appellant caused bodily injury, but only that Appellant had been convicted of "Assault, Domestic Violence, as charged in the Information." The trial court also entered an affirmative finding that the alleged victim was a "family member of the defendant or a member of the defendant's household." *Zambrana v. State, supra*, Slip Opinion at p. 3.

In his brief to the Amarillo Court of Appeals, Appellant argued that there had been a fatal variance between the information and the evidence at trial, on the

one hand, and the judgment, on the other. Because the judgment did not reflect that Appellant had caused bodily injury, as required for a conviction under Section 22.01(a)(1), Appellant contended that the judgment should be construed as reflecting a conviction for class C assault, rendering his sentence illegal. Appellant's brief at pp. 3-6.

The Amarillo Court of Appeals rejected the argument, holding that no variance occurred, because the variance doctrine dealt with a variance between charging instrument and the evidence. *Zambrana* at p. 5, citing *Gollihar v. State*, 46 S.W. 3d 243 (Tex. Crim. App. 2001). The Court also concluded that the reference to "Assault, Domestic Violence" was sufficient, so that the judgment did not have to reflect that bodily injury had occurred. *Id.* at p. 5, citing *Johnson v. State*, 409 S.W. 3d 738 (Tex. App. – Houston [1st Dist.] 2013, no pet.).

Article 42.01, § 13 of the Code of Criminal Procedure, however, provides that the judgment must reflect the "offense or offenses for which the defendant was convicted." TEX. CODE CRIM. PROC., Art. 42.01 § 13. The question here is whether a judgment of conviction for Assault Family Violence is valid where it only uses the shorthand term "Assault Domestic Violence" without alleging that the defendant caused bodily injury, an element of the offense. *Johnson v. State*,

4

*supra*, is not in point, because the issue there was only whether the term "Agg. Assault Family Member" in the judgment should have been reformed to say "Agg. Assault Family Violence." *Johnson* at 409 S.W. 3d 742-743.

The question of how specific a judgment must be under Article 42.01 of the Code of Criminal Procedure to sustain a conviction for Assault Family Violence is an important question of state law that has not been settled, and that this Court should answer. T.R.APP. P., R. 66.3(b).

## PRAYER

Appellant prays that the Court grant this Petition and allow oral argument.

Respectfully submitted,

/s/ Daniel Wannamaker
State Bar: 20834300
1012 Rio Grande
Austin, TX 78701
(512) 236-9929
(512) 233-5979 (fax)

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4 of the Rules of Appellate Procedure, I certify that this Petition contains 902 words.

/s/ Daniel Wannamaker

5

## CERTIFICATE OF SERVICE

I certify that true and correct copies of this Petition were mailed to the State Prosecuting Attorney, P.O. Box 1748, Austin, Texas 78711 and to Mr. Scott Brumley, Potter County Attorney, 500 South Fillmore, Room 301, Amarillo, Texas 79101 on this the 25th day of November, 2015. A copy was also emailed to Mr. Scott Brumley at countyattorney@co.potter.tx.us.

/s/ Daniel Wannamaker

# APPENDIX



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00124-CR
_____

RICHARD AHMED ZAMBRANA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 131,171-2, Honorable Pamela Cook Sirmon, Presiding

_____

February 24, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Richard Ahmed Zambrana appeals from his conviction by jury of an assault against his wife causing bodily injury[1] and the resulting punishment of 45 days in county jail and a $300 fine. He presents two issues. Finding appellant has not shown the trial court erred, we will affirm the court's judgment.

---

[1] TEX. PENAL CODE ANN. § 22.01 (West 2012). The conviction resulted from the second trial on this charge; the first trial ended in a mistrial.

## Background

The State's information alleged appellant intentionally, knowingly or recklessly caused bodily injury to Tina Alexander-Zambrana,[2] by squeezing her arm with his hand, grabbing her with his hand, grabbing her hair with his hand or kicking her, and that she was then a member of his family or household. At the time of the assault in May 2011, Alexander and appellant were married but separated. They, however, "continued to work on their marriage." The couple went to a restaurant to celebrate appellant's birthday. Both had drinks with their meal. At the end of the two-and-a-half-hour meal, appellant argued with the restaurant manager. Alexander testified that when they left the restaurant, she asked appellant for his keys because he had too much to drink. Appellant became angry, grabbed her arm, pulled her hair and kicked her. She got out of the car and appellant drove off. Restaurant employees testified both to the confrontation between appellant and the manager, and to appellant's conduct toward his wife like that alleged in the information.

Alexander also testified, over objection, that about six weeks after the incident at the restaurant, appellant called and asked her not to testify or to change her story and if she did not, he would "make things very obnoxious" for her. Appellant testified at trial, denying any assault to Alexander.

---

[2] Hereafter, we refer to the victim of appellant's assault as Tina Alexander, which is the name by which she identified herself at trial.

## Analysis

### Defect in Court's Judgment

The judgment the trial court signed states the "offense convicted of:" as "assault (domestic violence)." It also states the "degree of offense:" as "class 'A' misdemeanor." The judgment also later recites that appellant "pleaded Not Guilty to the offense as alleged in the Information herein, to wit: Assault (Domestic Violence), a Class 'A' Misdemeanor." The judgment recites the verdict of the jury as finding appellant "guilty of the offense of Assault, Domestic Violence, as charged in the Information."[3] The judgment's ordering paragraph states that appellant "is hereby adjudged guilty of the offense of Assault (Domestic violence), a Class 'A' Misdemeanor, as found by the Jury." The judgment's paragraph ordering appellant's sentence repeats the same statement, decreeing that "[appellant], who has been adjudged guilty of the offense of Assault (Domestic Violence), a Class 'A' Misdemeanor . . . ."

The judgment further contains an affirmative finding "that the victim of this offense was a family member of the defendant or a member of the defendant's household."[4]

---

[3] The recitation in the judgment is accurate. The verdict form reflects the jury's finding of appellant "guilty of the offense of Assault, Domestic Violence as charged in the Information." The court's charge instructed the jury that "Our law provides that a person commits the offense of Assault, Domestic Violence if he intentionally, knowingly or recklessly causes bodily injury to a member of the Defendant's family or household." The charge further defined "family" to include "individuals who are married to each other."

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2013) (requiring affirmative finding of family violence).

3

The judgment's characterization of the offense as assault (domestic violence) is consistent with the offense's characterization from the outset of the case. The information states at its outset, "Offense: Assault – Class A (Domestic Violence)."

Despite the quoted statements in the judgment, by his first issue appellant contends the judgment reflects his conviction only of a Class C misdemeanor offense. By appellant's reasoning, because the judgment omits any reference to bodily injury, it must refer to an assault constituting a Class C misdemeanor offense. *See* TEX. PENAL CODE ANN. § 22.01(c) (West 2012) (providing, with exceptions, that assaults committed in the manners defined in § 22.01(a)(2) and (a)(3), not requiring bodily injury, are Class C misdemeanors). Because the information charged appellant with the means of assault causing bodily injury, that defined in § 22.01(a)(1), a Class A misdemeanor, *see* § 22.01(b), appellant sees what he describes as a "fatal variance" in the record, requiring his acquittal on the Class A misdemeanor offense.

Appellant cites our opinion in *Tanner v. State,* 335 S.W.3d 784 (Tex. App.— Amarillo 2011, no pet.), as authority. *Tanner* involved a challenge to the sufficiency of the proof that the defendant's prior misdemeanor assault had been committed against a family member, which proof was necessary to enhance his later assault to a third degree felony. *Id.* at 785; *see* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West 2012). Finding the evidence insufficient to establish the enhancement, we reversed his felony conviction and remanded the cause for entry of a misdemeanor conviction judgment and resentencing. *Id.* at 786. *Tanner* does not support appellant's argument. There is no contention that the State's evidence was insufficient to support conviction on the

4

charged offense of assault causing bodily injury. The victim's testimony was sufficient to show her bodily injury, and appellant does not contend otherwise.

Nor does this record present a fatal variance. "A variance occurs when there is a discrepancy between the allegation in the charging instrument and the proof at trial. In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument." *Gollihar v. State,* 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). No discrepancy between the information, which charged assault causing bodily injury, and the proof at trial, which showed bodily injury, appears here. The State's proof matched the allegations of its charging instrument.

None of the authority appellant cites supports his argument that because the judgment omits express reference to bodily injury, it must refer to assault as a Class C misdemeanor offense. *See Johnson v. State*, 409 S.W.3d 738, 743 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (modifying judgment but noting defendant cited no authority for complaint regarding manner in which offense was described in judgment). For all these reasons, we overrule appellant's first issue.

Admission of Evidence of Extraneous Misconduct

During trial, Alexander testified that on two occasions, about six weeks after the incident at the restaurant, appellant contacted her, asking that she lie for him and say she "made everything up." He also told her he would "make things very obnoxious for [her]" if she testified at trial. Appellant objected to the testimony, arguing Rule of

5

Evidence 404(b) required its exclusion. The trial court disagreed. By his second issue, appellant complains of the court's admission of the testimony. We overrule the issue.

Assuming, without deciding, the trial court erred by overruling the objections raised, we have no hesitation to conclude the error was harmless.

Erroneous admission of the testimony would be subject to error analysis under the standard for nonconstitutional errors. TEX. R. APP. P. 44.2(b); *Hernandez v. State,* 176 S.W.3d 821, 824 (Tex. Crim. App. 2005). We must disregard a nonconstitutional error that does not affect a criminal defendant's "substantial rights." TEX. R. APP. P. 44.2(b). An error affects a substantial right of the defendant when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State,* 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Reversible error has not occurred if we, after examining the record as a whole, have "fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State,* 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see also Motilla v. State,* 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

In his testimony before the jury, appellant acknowledged his argumentative encounter with the restaurant manager. But he testified he engaged in no assaultive behavior toward his wife. Confronted on cross examination with her testimony, and that of the restaurant employee, appellant responded they were lying. Because of the sharp conflict between their versions of the incident, appellant argues, the improper admission of evidence of his later misconduct swayed the jury toward acceptance of Alexander's

6

account of the assault. Having reviewed the entire trial record, we cannot agree her testimony of their telephone conversations had such a substantial and injurious effect.

The testimony regarding the telephone conversations was like that regarding the assault: Alexander said he made the statements attempting to influence her testimony; appellant denied making the statements. There was no evidence he made the statements other than her testimony. We see no indication in the record of a likelihood the jury accepted her testimony about the assault only because they found her testimony about the telephone conversations credible. Said another way, if jurors did not believe Alexander's version of the assault, we see no reason they should have believed her version of the telephone conversations. *See Jones v. State,* 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (jury is the sole judge of the credibility of witnesses and is free to believe or disbelieve all or part of a witness's testimony). Nor were the telephone conversations further emphasized to the jury; they were not mentioned during counsel's arguments.

Viewing the record as a whole, we are fairly assured that any error in admitting Alexander's testimony relating to the two conversations with appellant did not influence the jury, or had but a slight effect, in finding appellant guilty. *Johnson,* 967 S.W.2d at 417.

We affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

.

7

  

# County of Potter
Amarillo, Texas

JULIE SMITH
COUNTY CLERK
BOX 9638
AMARILLO, TEXAS 79105-9638
(806) 379-2275

October 27, 2015

C. Scott Brumley
Potter County Attorney
500 S. Fillmore
Amarillo, TX 79101

Wannamaker & Associates
Daniel H. Wannamaker
Attorney at Law
1012 Rio Grande Street
Austin, TX 78701

Re: Cause No. 131171-2,The State of Texas vs. RICHARD AHMED ZAMBRANA

Dear Counsel:

The following document has been filed in the above captioned case:

-    ORDER ON WRIT OF HABEAS CORPUS

I am enclosing a copy of the above mentioned document.

Very truly yours,

Julie Smith, Potter County Clerk

By: _Janie Kauffman_
Janie Kauffman

CC: Judge Sirmon
Clerk's File

No. 131171

FILED FOR RECORD
POTTER COUNTY, TEXAS

2015 OCT 27 AM 10 27

COPY

County Clerk, Potter Co.
By_____ Deputy

EX PARTE                              §         IN THE COUNTY COURT AT LAW

                                      §         NUMBER TWO OF

RICHARD AHMED ZAMBRANA                §         POTTER COUNTY, TEXAS

## ORDER ON WRIT OF HABEAS CORPUS

On this day came on to be heard Richard Ahmed Zambrana's Application For Writ Of Habeas Corpus.

After due consideration, the Court finds that the writ should be GRANTED, and that Applicant is entitled to file an out-of-time Petition For Discretionary Review.

IT IS SO ORDERED on this the _____ day of October, 2015.

_____
JUDGE PRESIDING

VOL. 721   PAGE 173